KAUFMAN, Respondent, v. HAMM *et al.*, Appellants.

1. A promissory note given on Sunday for an antecedent debt is valid and binding. (R. C. 1855, p. ——.)

*Appeal from Daviess Circuit Court.*

This was an action on a promissory note. The note was given to plaintiff for a bill of groceries previously sold by him to the defendant Hamm. The plaintiff was a grocer in the city of Weston. The note was executed and delivered by the defendants to an agent of plaintiff on Sunday. It was dated back the preceding Saturday. The court refused the following declaration asked by the defendants: " If the note sued on in this cause was signed by the defendants on the first day of the week commonly called Sunday, and was also on the same Sunday delivered by the defendants to the plaintiff's agent; and if said note was taken by plaintiff's agent in the transaction of business pertaining or relating to the ordinary occupation of plaintiff, then said note is void and plaintiff can not recover in this action."

The court found for plaintiff.

*Shambaugh*, for appellants.

I. The first declaration of law asked by defendants should have been given. The note being signed and delivered on Sunday, it is void. It was executed in violation of the statute prohibiting labor on Sunday. (See 6 Watts, 231 ; 18 Verm. 379 ; 10 Ala. 566 ; 2 Dougl. 73 ; 26 Maine, 464 ; 7 Blachf. 479 ; 9 N. H. 500 ; 19 Verm. 358 ; 6 id. 219 ; 2 Miles, 402 ; 12 Metc. 24 ; 10 Metc. 363 ; 14 Wend. 248.) The execution of the note does not come within the exceptions named in the statute. Though the note is void, the original debt may still be enforced. Our statute prohibits all kinds of work. The delivery to plaintiff's agent on Sunday was a delivery to plaintiff on that day. The evidence showing that the note was executed on a day different from its date was admissible. (1 Greenl. Ev. § 285 ; 2 Stark. Ev. 787.)

*Vories & Vories*, for respondent.

I. The note was valid although executed on Sunday. (See 10 Mass. 312 ; 8 Cow. 27 ; 13 Wend. 425.) The note was given for a debt fairly contracted.

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is whether a note for an antecedent debt given on Sunday is void.

Our statute makes it a misdemeanor for a person to labor himself or compel or permit his apprentice, servant, or slave, or any other person under his charge or control, to labor or perform any work, other than those of necessity or charity, on the first day of the week, commonly called Sunday.

The British statute of 29 Char. 2, ch. 7, enacted that " no tradesman, artificer, workman, laborer, or other person whatsoever, shall do or exercise any wordly labor, business or work of their ordinary callings upon the Lord's day."

A considerable difference of opinion has prevailed in England relative to the proper construction of the British statute, and in this country the decisions upon similar enact-

ments are not uniform. A reference to the cases will be found in a note to Green v. Putnam, 10 Mass. 313.

Our opinion is that the object of the statute will not be promoted by allowing this defence. We do not understand the act as applying to a case of this kind.

Judgment affirmed. The other judges concur.