GEORGE FRITSCH, Respondent, v. ALOYS HEISLEN and VALEN-
TINE STOCKE, Appellants.

*Contract—Bills and Notes—Crimes—Sunday.*—A note becomes effectual when
delivered to the holder, and although a note be signed upon Sunday, yet,
if not delivered until a subsequent day, it will be valid.

*Appeal from St. Louis Circuit Court.*

*Knox & Smith,* for appellants.

The appellants contended that the note was made and the contract of appellants was completed on Sunday, and that the contract is void—R. C. 1855, p.630, § 33 ; 2 Pars. Cont. 262, see note and cases cited.

By the evidence in the case, it appears that the appellants and respondent met on Sunday, the 8th of March, at the house of the appellant Stocke, for the purpose of securing a loan from Fritsch to Heislen ; that the parties then and there agreed upon a loan and the terms of the loan, and then and there executed the note in suit. It matters not

that the note was not delivered until the following Wednesday; the business was done, and every thing which Stocke had to do was finished on Sunday, and the contract thus made is void.

*Jecko & Clover*, for respondent.

I. Upon the evidence, the defendants' instructions were rightfully refused.

II. Although the note was dated on Sunday, and although defendant Stocke signed his name on Sunday, yet the note was not delivered until the Wednesday following its date, on which last named day the money was loaned upon said note by the plaintiff to the defendant Heislen, on the secu· rity of the defendant Stocke's name; and, therefore, the contract arising upon the delivery of the note, and the payment of the money, was a valid contract entered into on the Wednesday.

III. The note was valid if the contract was made on Sunday—Kaufman v. Hamm et al., 30 Mo. 387; Bloom v. Richards, 2 Ohio (Warden), 387.

FAGG, Judge, delivered the opinion of the court.

This suit was determined in the St. Louis Circuit Court, and was instituted upon a promissory note for the sum of three hundred dollars. The note was dated March 8, 1862, and payable twelve months after date, with ten per cent. interest.

The main ground relied upon for a reversal of the judgment in this case is the fact that the note was executed on Sunday and that the contract is therefore void. It appears that these parties met on Sunday, at the house of plaintiff, and concluded an agreement, by which the latter was to loan the defendant Heislen the sum of money mentioned, upon a note which was then executed and signed by Heislen and endorsed by the other defendant, Stocke. The transaction, however, was not completed until the Wednesday following, at which time the note was delivered; the contract could

Horwitz v. Equitable Mut. Ins. Co.

not, therefore, be considered as completed until the delivery took place. All that occurred previous to that time was of no binding force or effect until the money was received and the note delivered. Either party might have refused to carry this agreement into effect at any time previous to the delivery of the note, and the contract must be dated from that time. We consider this to be the real point involved in the case, and do not feel authorized to go beyond it for the purpose of expressing an opinion upon the validity of such a contract when made and fully executed on Sunday.

The other judges concurring, the judgment of the Circuit Court will be affirmed.