## L. H. JOHNSON v. EPHRAIM BROWN.

SUNDAY, *and Sunday Contracts.* Under the Sunday Laws of this state a contract made on any day to perform any kind of labor on Sunday, save "the household offices of daily necessity, or other works of necessity or charity," is void; but a contract made on Sunday to perform labor on any other day, is valid.

### Error from Lyon District Court.

JOHNSON sued *Brown* before a justice of the peace to recover ten dollars alleged to be due upon a contract for the
34—13 KAS.

services of plaintiff's horse. *Brown's* answer was, first, a general denial; second, "that the supposed contract for the services of said stallion, set forth in plaintiff's bill of particulars, was made on the first day of the week, commonly called Sunday, and the services of said stallion were had or performed on the first day of the week, commonly called Sunday, wherefore said supposed contract was and is void and of no effect." The evidence was clear, that *the contract was made* on Sunday. The testimony was conflicting whether *the services of the horse* were had on Sunday, or on some other day. The justice instructed the jury as follows:

"1st. If you find from the evidence that the plaintiff and defendant on a Sunday made a contract, and that such contract contemplated and required that the services of the horse were to be done *on Sunday*, then such contract would be void, and plaintiff could not recover.

"2d. But if you believe from the evidence that the plaintiff and defendant made a contract for the services of the horse, * * * and that such *services were rendered* * * * *on any other day than Sunday*, * * * the fact that *the contract was made on Sunday* will make no difference, and it will be your duty to find for the plaintiff."

The jury found for the plaintiff, and the justice rendered judgment on the verdict. *Brown* removed the case to the district court by petition in error, and that court, at the March Term 1873, reversed the judgment of the justice, and ordered that the case stand for trial in such court as upon appeal. From such order of reversal *Johnson* now appeals, and brings the record here by petition in error for review.

*R. M. Ruggles*, for plaintiff in error.

*Bachellor & Skinner*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The question in this case is, whether a contract made on Sunday is valid. The services contracted for were not necessarily or by the contemplation of the parties to be rendered, and were not in fact rendered, on Sunday. For

while there is a conflict in the testimony as to when the services were rendered, the verdict of the jury, under the instructions, settles that they were not rendered on Sunday. At common law a contract on Sunday was valid; but in England, and in every state of the Union, have been enacted what are familiarly known as Sunday Laws, for the prevention of labor and business upon that day. Most of these statutes prohibit both labor and business; and under the latter term the making of contracts has in many states been decided to be within the prohibition. Our own statute simply prohibits labor. It reads —

"Sec. 255. Every person who shall either labor himself, or compel his apprentice, servant, or any other person under his charge or control, to labor or perform any work * * * on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor," etc. (Gen. Stat., ch. 31, p. 373.)

In this it closely resembles the statutes of New York, Ohio and Missouri, and the decisions in those states place the making of a contract outside the limits of the prohibition. *Merritt v. Earle*, 29 N. Y., 120; *Kaufman v. Haven*, 30 Mo., 387; *Bloom v. Richards*, 2 Ohio St., 387. In the latter case is a lengthy and able opinion from Judge Thurman, pointing out the distinction between the terms "labor" and "business," as well as discussing generally the subject of Sunday laws. We refer to that opinion as a clear and convincing argument that the making of a contract is not within the prohibition of a statute like ours. The thing prohibited is labor, and a contract made on any day to perform labor on Sunday, save "the household offices of daily necessity, or other works of necessity or charity," is a contract to do a thing prohibited, and therefore void; but a contract made on Sunday to perform labor on any other day, is valid.

The order of the district court will be reversed, and the case remanded with instructions to affirm the judgment of the justice.

All the Justices concurring.