JOHN F. LUEBBERING *et al.*, Respondents, *v.* FRANCIS OBER-KOETTER, Appellant.

March 7, 1876.

1. On the trial of a case of trespass *de bonis asportatis*, it appeared that one of the plaintiffs had, since the commencement of the suit, sold and transferred his interest in the controversy to his co-plaintiffs. *Held*, that the other plaintiffs were properly permitted to continue the action in their name and to their use.

2. If the sheriff be a trespasser, the obligors in a bond given to indemnify him for making a levy on personal property will be liable as trespassers, at the suit of the owner of the property.

3. A bill of sale of personal property, drawn and executed on Monday, is not vitiated by reason of an account of stock having been taken of the property on Sunday.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*Noble & Orrick*, for appellant, cited: Wag. Stat. 1034,. sec. 2; State *v.* Ambs, 20 Mo. 214; Fowler *v.* Sculley, 72° Penn. 456; Lyon *v.* Strong, 6 Vt. 219; Finney *v.* Turner,. 10 Mo. 205; Metc. on Con. 254, *et seq.;* Downing *v.* Ringer,. 7 Mo. 585; 2 Kent's Com. 466.

*Clover, Wingate & Kreiter*, for respondents, cited: Fritch *v.* Heisler., *et al.*, 40 Mo. 556; Kaufman *v.* Hamm, 30 Mo. 388; Wetzell *v.* Waters, 18 Mo. 396; Camfax *v.* Chapman,. 7 Mo. 175; Page *v.* Freeman, 19 Mo. 421; McNeely *v.*. Hunton, 30 Mo. 332; Perrin *v.* Claflin, 11 Mo. 13; Allred *v.* Bray, 41 Mo. 484; McManus *v.* Lee, 43 Mo. 206; Belkin *v.* Hill *et al.*, 53 Mo. 492; Goff *v.* Mulholland, 33 Mo. 203; Miller *v.* Whitson, 40 Mo. 97; Smith *v.* Mathews, 6 Mo. 600; Boggs *v.* Lynch, 22 Mo. 563; Coldwell *v.* Dixon, 29ª Mo. 227.

GANTT, P. J., delivered the opinion of the court.

This was an action in the nature of trespass *de bonis asportatis*, brought to the October term, 1873, of the St. Louis Circuit Court. The defendant denies every allegation of the petition. He was sued along with Rahmoeller, Mohr, Klinghammer, Overall, and Stonebraker; but Ober-koetter alone was served, and, as to those not served, the suit, was dismissed. The case was called for trial April 9, 1874. A jury was sworn, and during the trial it appeared that,. since the commencement of the action, one of the plaintiffs,. Kurlfink, had sold to the other two plaintiffs all his interest in the property for which damages were claimed; where-upon the court permitted the plaintiffs to continue the action, in the name of John T. and Henry G. Luebbering, against the defendant. The jury found for the plaintiffs, and assessed the damages at $1,728.45. By the bill of excep-tions filed by defendant, it appears that, when it was dis-closed that Kurlfink had sold out to Luebbering and brother, defendant's counsel declared himself surprised, and asked that the suit be abated because the nature of the issue was changed, and the petition does not disclose the true

nature of the issue to be tried. The court refused to declare the suit abated, and defendant excepted.

Plaintiffs asked leave to amend their petition by striking out Kurlfink's name, and the court allowed this, defendant excepting. John F. Luebbering testified that the purchase from Hensick was made on March 1, 2, and 3, 1873, for value, in good faith, and that possession was taken. by them on March 2 and 3, 1873. March 2, 1873, was Sunday.

Herman Schuster, for plaintiff, testified to the good faith of the sale, the payment of value, and the delivery of the property to the purchasers.

The March term, 1873, of the St. Charles Circuit Court began on Monday, March 3d, and, on March 5th, judgments were obtained against Hensick *et al.*, on which executions issued, were placed in the hands of the sheriff, and levied on this stock of goods on March 6, 1873. On March 21, 22, 24, 25, 1873, this stock of goods was sold under these executions, some of which were against Oberkoetter as well as Hensick. On March 7, 1873, in order to induce the sheriff to make the sale, Oberkoetter and the other defendants originally sued, and as to whom the suit had been dismissed, executed a bond to Dierker, the sheriff, indemnifying him for making sale of the stock of goods seized as the property of Hensick.

The court gave the following instruction for the plaintiff:

" The jury are instructed that, whatever may have been the intention of the party, Hensick, in the sale and transfer of his personal property, as testified in evidence, yet the sale to the Messrs. Luebbering and Kurlfink cannot be avoided by reason of any unlawful intent on his part, unless they had knowledge of, and were privy to, such unlawful intent on the part of him, the said Hensick. If the jury believe, and find from the evidence, that, under the executions. given in evidence against Henry Hensick, the sheriff of St. Charles county levied the same upon the property of the

plaintiffs, and sold said property, and applied the proceeds of the same to the satisfaction of said judgment, and that the defendant, Francis Oberkoetter, entered into a bond of indemnity to said sheriff, indemnifying him in making such levy upon the said property, then he placed himself in the same position occupied by the sheriff; and if, in making such levy, the sheriff acted as a trespasser, the defendant, in signing said bond, made himself liable for the acts of the sheriff; and, if the jury believe that the property levied upon by the sheriff was the property mentioned in the peti- tion, and was not, at the time of the taking of the same by him, the property of the said Henry Hensick, but the prop- erty of the plaintiffs, then the plaintiffs are entitled to recover, as against the defendant, the value of the property taken by the sheriff under said executions, together with interest from the commencement of the suit.''

To the giving of this instruction defendant excepted.

The defendant asked, and the court gave at his instance, the following instructions :

'' The jury are instructed, if they believe, from all the circumstances of this case, that plaintiffs were in collusion with Hensick in any effort to defeat and delay the payment of Hensick's debts, and that the alleged sale and transfer was made to effectuate this object, they will find for the defendant Oberkoetter.''

'' If the jury believe from the evidence that, after the alleged sale and transfer of the stock of goods to the plaintiffs, they remained in thepos session of said Hensick, and were in Hensick's possession at the date of the levy of the said executions, they will find for the defendant, Ober- koetter.''

The defendant also asked the following instructions, which the court refused, but no exception was saved to the refusal :

'' If the jury believe from the evidence that the transfer of the stock of goods by Hensick to Luebbering and others

was fraudulently made by Hensick, for the purpose of hindering and delaying his creditors, they will find for the defendant."

"The jury are instructed, if they believe from the evidence that defendant, F. Oberkoetter, had *reason* to believe that the transfer of Henry Hensick's property to plaintiffs was fraudulent, and made in collusion with the plaintiffs in order to avoid the payment of his just debts, they will find for the defendant."

"If the jury believe from the evidence that the bill of sale from Hensick was executed and delivered to the plaintiffs on Sunday, March 2, 1873, and the consideration paid at said date, they are instructed that the plaintiffs cannot recover in this action."

"The jury are instructed that, unless they find from the evidence that the plaintiffs were in possession of the stock of goods in question at the commencement of this suit, the plaintiffs cannot recover in this action."

"The jury are instructed that, if they find from the evidence that the sheriff of St. Charles county, by virtue of an execution against Henry Hensick, levied the same upon the goods in question and took possession of the same, and that the defendant, Oberkoetter, had no other connection with said levy and seizure than to execute a bond as *security*, in which the Union Savings Bank, of St. Charles, was principal, to indemnify said sheriff, they will find for the defendant."

The jury found for the plaintiffs, and assessed their damages at $1,728.45, and judgment was rendered accordingly; and the defendant entered his motion for a new trial, and assigned his reasons substantially as follows:

1. The verdict was against the evidence and the weight of the evidence.

2. The court admitted illegal, irrelevant, and incompetent evidence on the part of the plaintiffs.

3. That the court gave improper instructions for the plaintiffs.

4. That the court refused proper instructions offered by the defendant.

5. That the defendant was surprised by the ruling of the court, in permitting the plaintiffs to proceed further with the cause, and to amend their petition, when it appeared that Kurlfink, one of the plaintiffs, had no interest in the property at the date of the trial.

6. That the recovery is for the full value of the property, when two of the plaintiffs, J. F. and H. G. Luebbering, only claimed, and the evidence tended to show, and did show, that they had only one-half interest therein ; that the sale of Kurlfink to the Luebberings of his interest in the goods did not carry with it any claim for unliquidated damages, arising from a trespass committed upon his possession previous to the transfer ; such claim is not assignable.

The motion for a new trial was overruled. The defendant excepted, presented his bill of exceptions, which was allowed, and appealed to the Supreme Court, and the cause has been duly certified into this court.

There are thus three questions presented, namely :

1. Did the Circuit Court err in refusing to declare that the suit was abated by the sale to the remaining plaintiffs of the interest of Kurlfink?

2. Did the court err in giving the instruction asked for by plaintiffs ?

3. Did the Circuit Court err in overruling the motion for a new trial?

1. As to the first point, we think there is no error. Under certain circumstances, not appearing here, a change of parties—for which our statute makes ample provisions (Wag. Stat., secs. 3, 4, p. 1034)—may work a surprise and entitle the other party to a continuance. But nothing of this kind was alleged, and no continuance was asked for,

in this case, and no possible harm can have resulted to the defendant from the amendment.

2. The principal objection urged to the instruction given by the court for the plaintiff is that, by executing the bond, Oberkoetter became liable according to its tenor, and not liable in trespass by reason of having requested the sheriff, March 7, 1873, to go and sell property seized March 6, 1873.

We are of opinion that he was liable as trespasser. The Supreme Court of Missouri has repeatedly ruled the very matter now before us. In *Allred* v. *Bray*, 41 Mo. 487, the declaration of the court is very clear and emphatic. "There seems to be no principle of law better settled than that all persons who wrongfully contribute in any manner to the commission of a trespass, or, after the same has been committed for their benefit, assent to it, are responsible as principals, and each one is liable to the extent of the injury done," is the language of Judge Fagg. We need not refer to numerous other cases in our own and other States to the same effect. There is no room for doubting the proposition, either on reason or authority.

3. The motion for a new trial was founded in part on affidavits professing to show newly-discovered evidence. In his printed argument the learned counsel for defendant (now appellant) does not urge this reason for a reversal, and certainly these affidavits fail to come up to the requirements of such documents. They do not show diligence or materiality, and will not be further considered.

4. Although the defendant failed to save an exception to the refusal of his instruction as to the legal effect of the consummation on Sunday of the contract of sale under which plaintiffs claimed, he did save an exception to the introduction of the bill of sale in evidence, for the reason that it appeared to have been signed on Sunday; and the motion for a new trial assigned, as one of the reasons for it, the admission of improper evidence for the plaintiffs.

We think that it sufficiently appears that the plaintiffs and Hensick were employed on Sunday, March 2, 1873, in taking an account of stock, making a schedule, and preparing the bill of sale, which was perhaps signed on that day. It was acknowledged and delivered on Monday, March 3, 1873.

In the case of *Fritsch* v. *Heislin*, 40 Mo. 555, the parties met on Sunday, at the house of the plaintiff, and concluded an agreement by which plaintiff was to lend Heislin a sum of money, for which Heislin then executed a note indorsed by his co-defendant, Stocke. The note was delivered on Wednesday following. The court treated the contract as being completed on Wednesday, and upheld the action on the note against the maker and indorser. This is a much stronger case than that presented by this record.

In *Kaufman* v. *Hamm*, 30 Mo. 387, the Supreme Court very unequivocally manifested its repugnance to such a defense as is here attempted.

We entirely concur with the views entertained and expressed on this subject by the Supreme Court of Missouri. Even if we thought otherwise, we would be no less bound by the decision of that tribunal.

We find no error in the record, and order the judgment to be affirmed, all the judges concurring.