### JOHN BATH v. JOHN D. CATON.

*Agent's Liability for a Subordinate's Trespass.*

Where a trespass is committed by the subordinate employees of a corporation, the doctrine *respondeat superior* applies to the corporation rather than to its agent in charge.

The managing agent of a corporation neglected to instruct his workmen as to boundaries and they trespassed. *Held*, that if he was liable at all, it was in case for negligence and not in trespass *quare clausum*.

The same action does not lie for a direct trespass and for the mere omission to prevent it. But the measure of damages might be the same.

No question arises on a refusal to submit a special question to the jury, where no exception was taken to the refusal.

Error to Keweenaw. Submitted June 13. Decided Oct. 2.

TRESPASS *quare clausum*. The facts are in the opinion.

*Thos. L. Chadbourne, T. B. Dunston* and *Ashley Pond* for plaintiff in error. Only the person doing the injury, or his master, is liable. *De Forrest v. Wright*, 2 Mich., 369; Story on Agency, §§ 308, 313; 2 Hilliard on Torts, 464, 466.

*Chandler & Grant* and *G. V. N. Lothrop*, for defendant in error. Special questions on undisputed points or inconclusive facts should not be put to the jury. *Harbaugh v. Cicott*, 33 Mich., 241; *Fowler v. Hoffman*, 31 Mich., 215; *Frankenburg v. Nat. Bank*, 33 Mich., 46; *Sheahan v. Barry*, 27 Mich., 217; *Brooks v. Fairchild*, 36 Mich., 231. The general agent of a company is its executive officer, and for ordinary business represents the company (*Adams Mining Co. v. Senter*, 26 Mich., 73) and is liable for trespasses committed by his employees. 1 Add. on Torts, § 550; *Moore v. Sanborne*, 2 Mich., 529; *Higgins v. Watervliet Co.*, 46 N. Y., 23; *Suydam v. Moore*, 8 Barb., 358; *Lloyd v. Mayor*, 5 N. Y., 369; *Althorf v. Wolfe*, 22 N. Y., 355; *Carman v. Mayor*, 14 Abb. Pr., 303.

GRAVES, J. Caton sued Bath for entering upon his land by trespass and cutting and taking away timber, and under the charge of the court the jury awarded damages. Bath complains that the court made erroneous rulings to his prejudice. There was no dispute as to the fact of trespass.

The case hinged upon the question whether Bath was so situated in reference to the transaction or was so connected with it as to cause him to be liable in the action of trespass. Upon this the parties differed and their difference related to the facts and also to the legal effect of the facts.

The St. Clair Mining Company, a corporation organized under our general law (Comp. L., ch. 95) and engaged in mining at the time in question in Keweenaw county, owned and occupied lands adjoining the land belonging to Caton, where the trespass was committed, and workmen for this company getting wood and timber for the company on its land worked over the line and cut and took away Caton's timber, and in this the trespass consisted. Bath was general

agent of this company, and its mining operations were under his supervision. A surface captain and other workmen were subordinate. The company office was in Boston and there all the officers resided except Bath. His powers were such as are usually possessed by such agents, including authority to direct the mining operations and direct and control the workmen. He hired the surface captain and workmen for the company and they were under his direction and control.

There was evidence for Caton that Bath knew where the line was; that he was on Caton's land several times whilst the acts of trespass were going on; that he had admitted having caused the chopping which was done on Caton's land and claimed to have been deceived as to the dividing line by the surface captain. There was also evidence that the surface captain had not deceived him as claimed. It is not indispensable to specify all the items of evidence adduced on the part of Caton.

There was evidence for Bath that he as agent of the company ordered the surface captain to cut and get out wood and timber for the company; that he meant it should be cut on the company's land, and believed the surface captain, who had long been in the employment of the company, knew where the boundary was; "that the alleged trespass was committed in carrying out such orders by the surface captain and laborers acting under his directions in the employ of the company, by the negligence of such surface captain." The record states that Bath gave no other instructions to the surface captain or any of said workmen as to where to cut; that no evidence was given unless found in the foregoing tending to show he gave any instructions to the surface captain on what land to cut; that no evidence was given tending to show he took any precautions to point out the line to the surface captain or to any of the workmen; that unless what has been mentioned should be deemed such, there was no evidence that Bath in employing the surface captain and workmen, or in being superintendent over them, acted in any other capacity than that of agent of the company.

37 MICH.—26.

The judge laid down three propositions for the guidance of the jury, and in view of the state of facts exhibited, the effect of the two first of these propositions was to allow the jury to find Bath guilty of the trespass if satisfied that the surface captain and his workmen committed it, and that Bath in his character of managing agent of the company was director and controller of the business in which it was committed. This was error. *Brown v. Lent,* 20 Vt., 529; *Stone v. Cartwright,* 6 T. R., 411; *Milligan v. Wedge,* 12 Ad. & El., 737; Broom's Com. on C. L., 690 to 693, top; Wood on Master and Servant, §§ 281, 304; Story on Agency, §§ 314, 315, 313, etc. His being managing agent of the company and the trespass on Caton's land being in a course of business under his authority as agent, could not of themselves make the trespass so committed his trespass. It could not be regarded as done for him or in his interest. Neither could the surface captain and the workmen in committing the trespass be considered as standing in his shoes and representing him. It is not enough in such a case that there exists the relation of superior and subordinate. There must be something more. The relation must be such that the subordinate is the servant or agent of the superior in the particular course of business or sphere of action in which the wrong is done. Such was not the case here. In short the requisite conditions to authorize the application of the doctrine of *respondeat superior* against Bath were not present. To apply it against him would imply that the company could not be held liable, a position which cannot be admitted.

An acquiescence in the principle of the charge would introduce a new and dangerous element into the law of master and servant and principal and agent and impose risks on intermediate agencies both inappropriate and embarrassing. There are cases which rest on peculiar grounds and are exceptional. The most important are maritime. There are none, however, which can influence the present case.

The foregoing consideration is of course intended for the

case in that aspect of it in which it is sought to fix Bath on the exclusive ground of his relation as managing superior to the actual trespassers, and it is not addressed to any claim of Bath's liability as co-trespasser.    The ground of liability is very different in the case of actual participation, direction or adoption from what it is where the connection is constructive rather than actual and consists in the relation of the defendant as master or principal of the actual wrong doers.

The third proposition allowed Bath to be convicted of the trespass in case the jury should find he was guilty of negligence in not preventing the surface captain and workmen from "ignorantly trespassing upon the adjoining land of the plaintiff."

This charge, if its intent is understood, was objectionable on account of its obscurity.    And on the other hand, if the court is misled as to its meaning, it is fair to suppose the jury were.    But it is hardly necessary to take up time in criticism of this kind.    The vital element contained in this instruction is perceived to be that the jury might regard Bath's omission as something involving him in the very act of trespass committed by the surface captain and the workmen.    Of course this charge contemplated the state of facts concerning the relation Bath actually held to the surface captain and the laborers, and it is needless to repeat the observations already made touching the bearing and consequence of that relation.

Granting that there was evidence tending to show that the surface captain and the men under him were ignorant of the line between the plaintiff's land and that of the company, and that in consequence of this ignorance they blundered into trespass and committed the wrong by mistake, and moreover that their being in ignorance of the line and committing the trespass through such ignorance was in consequence of Bath's neglecting to give information, and conceding further that such neglect rendered him liable in point of law for the damage, a proposition not free from question (*Broughton v. Whallon*, 8 Wend., 474), and still his liability would be in case for the negligence and not in

trespass for the act of force committed by others. The damage by the trespassers might give the measure of the amount recoverable of him, but his being liable through his negligence alone for the damages consequent on the trespass of the others could not confound the ground of his liability with that of theirs. His wrong would not be theirs. His non-feasance, his bare omission to keep others from future trespassing would be distinct from their act of trespass and not of the same actionable nature. The fact of his being liable, if he was liable, could not make the direct act of force of the surface captain and workmen his direct act of force, and hence his trespass. *Sharrod v. The London & N. W. R. Co.*, 4 Exch., 580. The distinction is obvious and is recognized wherever common law remedies are not lost sight of. 3 Bl. Com., 123; 3 Stephens' Com., 460, 461, 462; 1 Chitty's Pl., 151; *Shapcott v. Mugford*, 1 Ld. Ray., 187; *Huggett v. Montgomery*, 2 New R., 446. Admitting for this case, therefore, all that can be fairly claimed, and still the conditions of fact do not answer the requirements of the action of trespass *quare clausum.* To hold otherwise would be to disregard the substantial distinctions the law has drawn between actions, and ignore the separating marks, such as the locality of the place of trial and the like.

Bath's counsel presented five special questions to be answered by the jury. Three were submitted and answered, but submission of the other two was refused. As however no exception was taken to this refusal no question arises on it. The answers returned to those submitted do not obviate the objections to the charge under which the finding was made. The refused requests were not accurate, but it is not necessary or prudent to extend the discussion. The whole evidence is not returned and we have no reason to suppose the case may not assume a different shape on another trial.

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.