ANDREW C. PECKHAM, Respondent, v. LINDELL GLASS COMPANY ET AL., Appellants.

**January 25, 1881.**

1. Where the principal in an indemnity bond becomes a trespasser the sureties become trespassers also.

2. A participating agent is liable with his principal for a trespass.

3. One who signs an indemnity-bond given by a corporation, as president of the principal, is liable in trespass for an illegal levy made in consequence of the bond.

4. The statement of a conversion, with the additional statement that it was done under such circumstances as affords ground for exemplary damages is not a statement of two causes of action.

5. An objection of misjoinder of counts is waived if not made before judgment.

APPEAL from the St. Louis Circuit Court, ADAMS, J.

*Affirmed.*

E. J. WHITE, for the appellants: A statement of two causes of action in one count is a defect of which advantage may be taken on motion in arrest of judgment. — *Clark* v. *Railroad Co.*, 36 Mo. 215; *McCoy* v. *Yager*, 34 Mo. 134; *Laveille* v. *Harrison*, 30 Mo. 228; *Mooney* v. *Kennett*, 19 Mo. 551.

H. D. WOOD, for the respondent: Sureties on an indemnity bond are liable for trespass where an illegal levy is made. — *Luebbering* v. *Oberkoetter*, 1 Mo. App. 393; *Peckham* v. *Glass Co.*, 7 Mo. App. 563; *The State to use* v. *Doan*, 39 Mo. 44. That Nichols signed the bond as

president did not affect his liability. — *Harriman* v. *Stowe*, 57 Mo. 93; *Bais* v. *Cook*, 60 Mo. 392. Misjoinder of counts. — *Allred* v. *Bray*, 41 Mo. 490; *Buckley* v. *Knapp*, 48 Mo. 162; *Walker* v. *Borland*, 21 Mo. 289.

THOMPSON, J., delivered the opinion of the court.

This case was before this court two years ago, and an abstract of the decision then rendered is found in 7 Mo. App. 563. As that decision was not reported in full, a brief recapitulation of the facts may be necessary. The suit grew out of a levy made by the Lindell Glass Company, under an execution against the firm of George T. Weeks & Co., upon certain personal property, consisting of sundry merchandise, fixtures, etc., contained in a building on Main Street, in St. Louis. After the making of the levy, the plaintiff, Peckham, filed his claim in accordance with the statute, claiming said property as his own, and stating the value thereof to be $500; whereupon the Lindell Glass Company gave a bond of indemnity in pursuance of the statute under which Peckham claimed the property (Acts 1855, p. 464), and thereupon made a further and additional levy. Plaintiff then filed a second claim; whereupon the Lindell Glass Company filed an additional bond of $400. The first levy did not embrace sufficient property to satisfy the execution, hence the second levy. The property so levied upon was duly sold to satisfy the execution. The defendants, Heitz and Bierman, were sureties on both of the bonds.

This action is not brought upon the bonds, but is an action for trespass.

The petition contains two counts, the first of which alleges that the defendants, on or about the month of March, 1876, took and carried away from the possession of, and sold and disposed of, sundry goods and chattels therein enumerated, of the value of $575, to plaintiff belonging, for which plaintiff asked judgment.

The second count alleges that during the month of March, 1876, defendants seized and carried away from plaintiff's possession sundry goods and chattels of the value of $196.25 to plaintiff belonging ; that said seizure, carrying away, sale, and disposal of said goods was done *wilfully, wantonly, and maliciously*, etc. ; wherefore plaintiff asked judgment on the second count in the sum of $500 and costs.

The Lindell Glass Company filed a separate answer, admitting its incorporation, and denying all other allegations of the petition ; the other defendants answered jointly, filing a general denial.

A jury was waived, and the cause tried by the court sitting as a jury. The claims filed by Peckham were, without objection, read in evidence by plaintiff; the bonds of indemnity set out in the record were then read in evidence to fix the liability of all the defendants as joint trespassers, against the objection of defendants that the bonds neither showed nor tended to show such liability.

Upon the evidence contained in the record the case was submitted to the court, and judgment was rendered for plaintiff against all of the defendants in the sum of $337.73 on the first count of the petition, and in the sum of $115.25 on the second count.

The defendants, in due time, filed their motions for a new trial and in arrest of judgment, embracing the following points herein claimed as error : —

First, the court erred in admitting improper and illegal testimony offered by plaintiff against the objection of defendants, and because its findings and judgment were for the wrong party, and should have been for the defendants. Second, there was no evidence showing or tending to show any liability on the part of the defendant Joshua Nichols. Third, the second count of plaintiff's petition contains two distinct and separate causes of action of a distinct and separate character ; and fourth, the damages are excessive in consequence thereof.

1. There was no error in admitting in evidence the two indemnifying bonds, under the respective counts in the petition, to show that the sureties, as well as the principal therein, were liable for the trespasses complained of. It was distinctly ruled in *Wetzell* v. *Waters*, 18 Mo. 396, 399, that persons who enter into a bond of indemnity place themselves in the same position as that occupied by the principal in the bond ; so that if he is a trespasser they become trespassers also. This decision was quoted and followed by this court in this case when it was here before, and the same principle was, in effect, recognized by this court in *Luebbering* v. *Oberkoetter*, 1 Mo. App. 393, under somewhat different facts. We frankly concede that if the question were *res nova*, we should regard it as a doubtful one. But *Wetzell* v. *Waters* is not, as counsel for the appellant insists, a mere *dictum*, unsupported by authority. The same question was decided the same way by the former Supreme Court of New York. *Davis* v. *Newkirk*, 5 Denio, 92. The same rule was recognized in *Ball* v. *Loomis*, 29 N. Y. 412, 416. There was, therefore, no error in admitting the bonds in evidence, as was done in this case, in connection with other evidence showing that the property levied on belonged to the complainant.

2. It is urged that these instruments were improperly admitted in evidence to charge the defendant Nichols. It is true that he was not a party to the bonds in the sense that he could be made defendant in a suit upon them. He executed them for the company of which he was president, and signed them merely as president of the company. But this does not make him the less liable in an action for the trespass. He appears to have been a principal actor in the matter, and the rule is, that all who aid and abet in the making of an illegal levy, whether they are parties in interest or not, are jointly liable as trespassers. *Britton* v. *Cole*, 12 Modern, 175, 179 (*per* Lord Holt, C. J.) ; *Youngs* v. *Moore*, 7 J. J. Marsh. 646 ; *Merrill* v. *Near*, 5 Wend.

237. And this is so even where the officer commands their aid and assistance. *Elder·* v. *Morrison*, 10 Wend. 128; *Hooker* v. *Smith*, 19 Vt. 151.

The fact that Nichols, in what he did, acted only as the agent of the Lindell Glass Company, so as to make his principal liable, does not make Nichols himself the less liable; the rule being that, for acts of misfeasance or positive wrong, the participating servant is liable to third persons, as well as the master. *Harriman* v. *Stowe*, 57 Mo. 93; *Lottman* v. *Barnett*, 62 Mo. 159, 169; *Suydam* v. *Moore*, 8 Barb. 358; *Wright* v. *Compton*, 53 Ind. 337. If the act had been done by the cashier of the company, or some other servant inferior to Nichols, without his direction, then he would not have been liable; for the rule of *respondeat superior* does not apply to an intermediate servant or agent, but only to the ultimate principal. *Hone* v. *Cartwright*, 6 Term Rep. 411; *Hewett* v. *Swift*, 3 Allen, 420; *Bath* v. *Caton*, 37 Mich. 199; *Bacheller* v. *Pinkham*, 68 Me. 253; *Nicholson* v. *Mounsey*, 15 East, 384. But that is not this case.

3. There was no misjoinder of causes of action in the second count. But one cause of action was stated, namely, the conversion of certain specified chattels, of the value of $196.25. There was an additional allegation that the conversion was " wilful, wanton, and malicious," and judgment was asked for $500, besides interest and costs. The statement of a conversion, with the additional statement that it was done under such circumstances as would afford ground for exemplary damages, is not a statement of two causes of action. Besides, if there were an improper joinder, the defendant could not urge it here, since he omitted to demur for that reason. The doctrine of some of our cases construing the Code, that such an error in pleading is fatal in arrest of judgment ( *McCoy* v. *Yager*, 34 Mo. 134; *Clark.* v. *Railroad Co.*, 36 Mo. 203, 215; *Hoagland* v. *Railroad Co.*, 39 Mo. 451, 457; *Farmers' Bank* v. *Bayless*, 41 Mo. 274,

285), has been overruled in more recent cases. *House* v. *Lowell*, 45 Mo. 381; *Pickering* v. *Telegraph Co.*, 47 Mo. 457, 460. Indeed, it is difficult to see how the old rule could stand under our present statutes. Rev. Stats., sects. 3519, 3582, subsect. 8.

4. We see nothing in the record to raise an inference that exemplary damages may have been given against any of the parties. If there were we should hold that there was no evidence warranting it. Nor is there any ground for the contention that the damages were excessive.

We perceive no error in the record. The judgment is affirmed. The other judges concur.