ROSENBLATT v. TOWNSLEY *et al.*, *Appellants*.

1. **Sale on Sunday.** Where goods are selected and set apart and the prices agreed upon on Sunday, but by the contract they are not to be delivered till the next day, and they are not delivered till then, the transaction cannot be avoided as a sale made on Sunday.

2. ———: SEVERABLE CONTRACT. If other goods are selected and their prices agreed upon at the same time, and they are delivered immediately, but only for the inspection of a third party, this part of the transaction may be severed and will not invalidate the rest.

*Appeal from Pettis Circuit Court.*—HON. W. T. WOOD, Judge.

AFFIRMED.

The goods were selected and set apart, the prices agreed upon, a bill made out, and two of the articles delivered on Sunday. The remainder, it was agreed, were to be delivered the next day, which was done accordingly. The two articles delivered at the time were handed to a friend of defendants who was present, that he might show them to his wife who wanted such goods.

*H. P. Townsley* for appellants, cited Wag. Stat., 504, § 35; *Parks v. Hall*, 2 Pick. 206; *Shurtleff v. Willard*, 19 Pick. 202; *Legg v. Willard*, 17 Pick. 140; *Cartwright v. Phoenix*, 7 Cal. 281; *Means v. Williamson*, 37 Me. 556; *Bailey v. Ogden*, 3 Johns. 399.

*John F. Philips* for respondents, argued that as the agreement was that the goods were not to be delivered till Monday, and were not delivered till then, the contract was not completed till Monday. 15 N. H. 577; 41 N. H. 223; 33 Mo. 468; 40 Mo. 455; 61 Mo. 335; 1 Mo. App. 399; *Lingham v. Eggleston*, 27 Mich. 326; *Bradley v. Rea*, 14 Allen 20. The delivery of the necklace, etc., on Sunday, cannot, under the circumstances, be held a delivery of all the articles. These articles were not then delivered and taken in part performance—but for a particular purpose,

to-wit : that they might be examined by the lady, to see if they suited her fancy. Until she expressed her satisfaction, and that was communicated to the vendor, it was not a sale even as to these. But the express agreement as to the other articles was, that they should be retained and delivered Monday. The sale was, therefore, severable, each article having a separate valuation, and there is no evidence or pretense that the one article would not have been purchased without all. *Carleton v. Woods*, 28 N. H. 290 ; Story on Sales, § 243, 244 a; *Rand v. Mather*, 11 Cush. 7.

HOUGH, J.—Although the prices of the articles set out in the account sued on, were agreed upon on Sunday, the contract of sale was not completed until the day following, when the goods were delivered. It cannot, therefore, be regarded as a contract made on Sunday. *Lyon v. Strong*, 6 Vt. 219; *Adams v. Gay*, 19 Vt. 358; *Lovejoy v. Whipple*, 18 Vt. 379; *Smith v. Bean*, 15 N. H. 577 ; *Mason v. Thompson*, 18 Pick. 305; *Hening v. Powell*, 33 Mo. 468; *Fritsch v. Heislen*, 40 Mo. 555; *Luebbering v. Oberkoetter*, 1 Mo. App. 399; *Gwinn v. Simes*, 61 Mo. 335 ; Benjamin on Sales, § 557.

The contract was, in its nature, a severable one, and the plaintiff dismissed as to the two items delivered on Sunday, although the testimony tended to show that these items were delivered only for the inspection of the lady for whom they were intended.

We see no error, materially affecting the merits of the action, in the refusal of the court to grant the defendants a continuance. The judgment of the circuit court will be affirmed. The other judges concur.