The State ex rel. The Hayes Woolen Mill Co. v. Benedict.

THE STATE to the Use and at the Relation of THE JOSEPH M. HAYES WOOLEN COMPANY, Respondent, v. AMZI BENEDICT *et al.*, Appellants.

St. Louis Court of Appeals, December 6, 1892.

1. **Levy under Execution:** INDEMNITY BOND ON CLAIM BY THIRD PERSON: EFFECT OF MISDESCRIPTION OF PROPERTY. An indemnity bond, given under the sheriff and marshal's act relating to St. Louis, mis-stated the number of the pieces of a large mass of goods which had been levied upon and claimed; but it indisputably appeared that the claim was for, and that it and the bond were intended to embrace, the entire lot of goods levied upon. *Held*, that this misdescription did not affect the validity of the bond, and that the bond covered, and was enforceable for, the value of the entire lot of goods.

*Per Rombauer, P. J.:*

2. **Practice, Appellate:** JUDGMENT FOR RIGHT PARTY. The judgment of the trial court will not be reversed on appeal to this court, when it reaches the substantial justice of the case, and when this court is satisfied that the result of a retrial will unavoidably be the same.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Walker B. Douglas* and *William H. Scudder*, for appellants.

(1) The obligation of a surety on a bond is limited to the precise terms of the undertaking. To the extent and in the manner and under the circumstances pointed out in the instrument he is bound, but no further. *Nofsinger v. Hartnett*, 84 Mo. 549; *Bauer v. Cabanne*, 108 Mo. 110; *Cochrane v. Stewart*, 63 Mo. 424; *City v. Sickles*, 52 Mo. 122; *State to use v. Boon*, 44 Mo. 254; *Mfg. Co. v. Hibbs*, 21 Mo. App. 574; *Rayburn v.*

*Deaver*, 8 Mo. 104; *Clark v. Mulrein*, 82 Cal. 167.    (2) A plaintiff must recover, if at all, upon the issues made by the pleadings; and in an action upon a bond of indemnity against damages resulting from the seizure and sale of certain specified goods, where the petition alleges the taking of the goods described in the bond, an instruction which leaves it to the jury to determine what goods were taken, without limiting them to the goods so described, is erroneous and misleading.    2 Thompson on Trials, p. 1606; *Waldhier v. Railroad*, 71 Mo. 514; *Moffatt v. Conklin*, 35 Mo. 453; *Bank v. Murdock*, 62 Mo. 70; *Glass v. Gelvin*, 80 Mo. 297; *Rothschild v. Frensdorf*, 21 Mo. App. 318; *Gessley v. Railroad*, 26 Mo. App. 156.    (3)    An instruction as to the measure of damages must, like all other instructions, be based upon evidence in the case.    When the action is on a bond of indemnity against damages consequent upon the seizure and sale of certain property, and no evidence of the value of the property is introduced, an instruction as to the measure of damages is erroneous and misleading; the jury should be instructed in such a case that nominal damages only can be recovered.    *Martin v. Maxwell*, 18 Mo. App. 176; *Williams v. Iron Co.*, 30 Mo. App. 662; *Owen v. O'Reilly*, 20 Mo. 603; 2 Thompson on Trials, sec. 2060; *Koeltz v. Bleckman*, 46 Mo. 320.

*S. N. Taylor*, for respondent.

(1)    Levying upon the property, then carrying it away after relator's notice that it was the sole owner, and then giving the indemnity bond, constituted a conversion of the property, and entitles relator to judgment for the value of the goods as of the date of the levy with six-per-cent. interest from that date.    *Stevens v. Springer*, 23 Mo. App. 385; *State ex rel. v. Boem*, 24

Mo. App. 403; *Gilbert v. Peck*, 43 Mo. App. 584; *State ex rel. v. Schmidt*, 31 Mo. 572. (2) There was no such variance in the evidence and the pleadings as would prevent relator's recovering the full value of the goods converted. *Catzweiler v. Morgner*, 51 Mo. 47; Revised Statutes, sec. 2113, subdivs. 5, 9; *Peckman v. Glass Co.*, 9 Mo. App. 459; *Lovejoy v. Murray*, 3 Wall. 1; *State ex rel. v. Donnelly*, 9 Mo. App. 519.

THOMPSON, J.—This was an action upon an indemnifying bond given under the sheriff and marshal's act relating to St. Louis. The cause was tried before a jury, and resulted in a verdict and judgment for the plaintiff for $1,026 damages, and $63.76 interest. The defendants, appealing, assign for error that the bond was given to indemnify the relator against a levy upon two hundred and ten pieces of goods, and that, under the evidence adduced by them and the instructions of the court, the recovery is for the conversion of two hundred and thirty pieces. This, stated in different ways, is substantially the only error which is assigned.

The subject of the levy was a quantity of woolen and worsted goods, which at the time of the levy were stored on the sixth floor of the storehouse of the relator in the city of St. Louis. The facts leading up to the levy were these. Smithers & McHarry, a firm of merchant tailors in the city of St. Louis, were on the twenty-eighth day of January, 1891, indebted to the relators, a mercantile corporation, doing business in the city of St. Louis, in the sum of $1,004, or thereabouts. They were also indebted in about the same amount to the defendants, who, it seems, were a firm of non-resident merchants or manufacturers. On that date the relator called on Smithers & McHarry, and pressed them for payment, and received from them a

check for $30, the same being all the money they had in bank. The relator then offered to take its pay in goods, and a quantity of goods belonging to Smithers & McHarry was thereupon inventoried and delivered to the relator, the same being of the value of $851.51, according to the prices at which the inventory was taken. Although this left about $122 still due the relator, it accepted the goods as a settlement in full, and carried them away, and gave to Smithers & McHarry a receipt for $851.51, in full of all demands. Subsequently, on or about the eleventh of February, 1891, the defendants in this action, Field, Benedict & Co., obtained a judgment against Smithers & McHarry in the circuit court of the city of St. Louis in the sum of $1,102.58. Execution issued upon this judgment, and was placed in the hands of Patrick M. Staed, as sheriff of the city of St. Louis, who, under the direction of the attorney of Field, Benedict & Co., levied it upon a quantity of goods on the sixth floor of the building of relator in the city of St. Louis, supposed to be the goods which had been turned over to the relator by Smithers & McHarry in settlement of the demand of the relator against that firm. The goods thus levied upon were described by the sheriff in his return as consisting of two hundred and ten pieces. The relator claimed the entire lot of goods levied upon as its own goods, claiming to be absolute owner of the same, and filed a claim under the sheriff and marshal's act for the goods, in which they were described as "two hundred and ten pieces of woolen and worsted goods." Thereupon, these defendants, Field, Benedict & Co., gave the idemnifying bond which is the foundation of this action, which bond described the goods as "two hundred and ten pieces of woolen and worsted goods." This bond having been given, the sheriff carried off the goods

from the storehouse of the relator. The discovery was afterwards made by Field, Benedict & Co., or their representatives, that a large portion of the goods never had been the goods of Smithers & McHarry, and, under their direction, and at a date subsequently to the commencement of this action on the bond, the sheriff returned to the storehouse of the relator seventy pieces of the goods, but in a damaged condition, as the evidence of the relator tended to show, and as the jury have found under the instructions of the court. The relator refused to receive the goods, and the sheriff's deputy insisted upon leaving them; and they were accordingly left by him and his servants in the storehouse of the relator, and were by the relator done up in packages and stored for the account of the defendants, Field, Benedict & Co., and were so held in storage at the date of the trial.

The goods, which were thus levied upon by the sheriff under the execution of Field, Benedict & Co. against Smithers & McHarry, were comprised in two invoices, both of which were put in evidence by the relator. The first invoice, marked B, embraced eighty-two pieces, which never had been the property of Smithers & McHarry, and which were not a part of the goods received by the relator from Smithers & McHarry, but were an invoice of goods which the relator had received back from other customers, Swan & Benson, of Elgin, Illinois. The goods in this invoice were of the value of $524.42. The second of these invoices, consisting of a schedule put in evidence and marked C, consisted entirely of goods which the relator had received from Smithers & McHarry under the settlement already stated. This invoice consisted of one hundred and forty-eight pieces, and was of the aggregate value of $502.44. It is perceived that the aggregate number of pieces in these two invoices was

two hundred and thirty, or twenty pieces more than the number described in the sheriff's levy, in the claim deposited with the sheriff by the relator, and in the indemnifying bond which is the foundation of this action. It also appears that, putting together these two aggregate sums, $524.42 and $502.44, and rejecting the cents, the jurors evidently reached their verdict of $1,026, to which they added interest. To this statement must be added the further fact that it is indisputable under the evidence that the goods embraced in these two invoices were the goods which were the subject of the levy of the defendant's execution by the sheriff; that the relator made a claim of all the goods which were the subject of the levy, orally in the first instance and afterwards by a written claim under the statute; that this claim was intended to be a claim for all of the goods which were the subject of the levy; that the goods intended to be embraced in it were the identical goods embraced in these two invoices; but that, beginning with the levy of the sheriff and running through the claim of the relator, and the bond given by the defendants, there is a misdescription as to the number of the pieces, which misdescription is not accounted for by the evidence. It may have been a mistake of the sheriff's deputy, or it may have resulted by reason of his throwing together some of the small scraps and counting them as one piece. It appears from an examination of the schedules that there were no less than seventy pieces, which did not exceed a yard and a third in length. We add that there is no doubt whatever, upon the evidence, that the claim and the bond intended to embrace all the goods which were the subject of the levy, and that the goods embraced in the two schedules, the dimensions and value of which were indisputably proved by the relators, were the identical goods which were the subject of the levy, so

that the basis of the argument against the verdict and judgment which the relators have recovered is grounded solely upon a misdescription in respect of the *number of pieces* in the bond which is the subject of the action.

Upon this state of facts the argument pressed upon us is that there can be no recovery under the evidence upon the bond, and that the court erred in submitting the case to the jury, because of the variance between the number of pieces described in the bond and the number which the relators proved that the sheriff carried away and converted under the levy. The further argument is made that, as the evidence did not identify the two hundred and ten pieces mentioned in the bond,—did not segregate them from the rest—and did not disclose their value, there was no evidence of the value of the goods in respect of which the indemnifying bond was given, upon which the jury were entitled to base their verdict. The further argument is made that the liability of sureties is *strictissimi juris;* that there are no equities as against them; that they are favorites of the law; and that, if there is a mistake in the bond which they have signed, that mistake cannot be helped out by extrinsic evidence, even to reach the real intent of the parties; but that they are entitled to stand upon the letter of their obligation and to answer all further attempts by saying: "I did not enter into this contract."

We do not controvert these principles; but we do not regard them as controlling in a case of this kind. The verdict in this case establishes that defendants, in directing the levy, were trespassers; and, under the law of this state, the sureties in the indemnifying bond given by defendants to the sheriff were cotrespassers. *Luebbering v. Oberkoetter,* 1 Mo. App. 396, 399; *Peckham v. Glass Co.,* 9 Mo. App. 459; *State to use v. Donnelly,* 9 Mo. App. 519, 524. If, therefore, the

incorporated trust company, which became the surety on this bond, no doubt for a reward, is a favorite of the law, in so far as it is a surety, it is not a favorite of the law in so far as it is a trespasser. In its character of trespasser it is no better and no worse than anybody else. Now, the evidence establishes beyond question that the two hundred and ten pieces of goods mentioned in the sheriff's return, in the claim made by the relator, which was no doubt made to correspond with that return, and in the bond, were the identical two hundred and thirty pieces of goods embraced in the two invoices B and C, put in evidence by the relator. The first of these invoices embraced a mass of eighty-two pieces of goods, of the value established by uncontradicted evidence of $524.42, in the possession of, and belonging to, the relator, which the defendants had no right to levy upon under any pretense. The second mass embraces one hundred and forty-eight pieces and fragments, which had been turned over by Smithers & McHarry to the relator, in settlement of the demand of the relator against them, as to which the verdict of the jury, on issues submitted on fair instructions, negatives any right of levy whatever. In respect of both of these invoices, the defendants and the sureties on their bonds were cotrespassers, and are entitled to stand where they placed themselves, and nowhere else. The bond which they gave was an effort on their part to support a levy upon all the goods embraced in those two invoices, including a lot of scraps, some seventy of them as we have already stated, not exceeding one and one-third yards in dimension. If a misdescription in respect of the number of parcels could avoid such a bond, the giving of it would be a mere farce. The law does not intend idle and farcical results from actions taken by men in apparent sincerity and good faith; and when they gave this bond, describing the

mass of pieces and scraps levied upon as two hundred and ten pieces, they are not to escape all liability, because it appears that a more specific and detailed invoice shows that they consist of two hundred and thirty pieces and scraps.

If the contention of the defendant is tenable, then the bond, by reason of this misdescription is void *ab initio* under the undisputed evidence adduced in this case which evidence involves a mere question of identity. If, in a case of this kind, where a great mass of goods, consisting of packages, whole and broken, and of a large number of remnants and scraps, are levied upon under judicial process, and an indemnifying bond is given, which is intended to cover all the property embraced in the levy, the bond can be avoided by reason of the failure to *count* correctly the number of parcels, remnants and scraps,—then the preceding of making the claim under the statute and giving an indemnifying bond is turned into a complete farce— and this for the benefit of an incorporated surety who, by the verdict of the jury and by the undoubted evidence, is established as occupying the position of a cotrespasser with the party directing the levy of the execution.

For these reasons I am of the opinion that the judgment of the court should be affirmed. It is so ordered. All the judges concur; Judge ROMBAUER in the result only.

ROMBAUER, P. J. *(concurring).*—I concur in the result of this opinion, but prefer to place my concurrence on the same grounds upon which I placed my concurrence in the result of the opinion in *Bassett v. Glover*, 31 Mo. App. 150, 160, and upon the authority of the cases there cited.

The facts of this case sufficiently appear in the opinion of· Judge THOMPSON, and show that, even though the case may have been erroneously tried in some respects, the facts found by the jury conclusively establish the liability of all the defendants as joint trespassers.

We are not warranted in reversing a judgment which reaches the substantial justice of the case, when we are fully satisfied that the result of another trial between the same parties upon issues substantially the same, even though formally different, would unavoidably be the same. *Interest reipublicæ ut sit finis litium.*