### DOMINICK v. REA.

CONVERSION—AGENT NOT LIABLE FOR UNAUTHORIZED TORT OF AN-
OTHER ON THEORY OF RATIFICATION—INSTRUCTION—TRIAL.

In buyer's action for conversion against agent of finance cor-
poration entitled to lawfully repossess automobile sold on
title-retaining contract and one employed by agent to take it,
instruction that agent, who had nothing to do with actual
taking of car or unauthorized breaking into buyer's garage
by codefendant, would be liable for latter's tort even if he
sent codefendant to take car lawfully, if he subsequently rati-
fied codefendant's act by refusing to return car except upon
payment of whole amount due, was erroneous, since agent had
no interest in automobile, and unlawful act was not done to
further his purpose.

Error to Wayne; Webster (Clyde I.), J. Sub-
mitted April 4, 1929. (Docket No. 63, Calendar No.
34,200.) Decided June 3, 1929.

Case by Edward Dominick against William G.
Rea and Oscar A. Nauman for the conversion of an

automobile. From a judgment for plaintiff, defendants bring error. Reversed and new trial granted.

*Charles C. Stewart,* for plaintiff.

*Campbell, Bulkley & Ledyard (Harold R. Smith* and *William B. Cudlip,* of counsel), for defendants.

CLARK, J. This case is reported in 226 Mich. 594 (36 A. L. R. 850), where the facts are stated. The second trial resulted in verdict and judgment for plaintiff.

Defendants assigning error complain of the charge of the court, argument of plaintiff's counsel, and that the verdict is against the great weight of the evidence.

The installment contract on which plaintiff bought the automobile was assigned by the seller to Commercial Acceptance Trust Company, whose agent in Detroit was defendant Rea, who received direction from his principal to take the automobile. Rea employed defendant Nauman to do it. Nauman got one Romanski to go with him and they took the car, although it should be noted that one of plaintiff's witnesses testified that Rea himself and Nauman took the car.

Plaintiff's position is that while the Trust company might have taken his car in a lawful manner it and its agents, defendants, had no right to take it unlawfully, and that, because in the taking his garage was broken open, there is liability for conversion.

Most of the evidence is that Rea had nothing to do with the actual taking of the car, nor with the breaking. On this theory, the court instructed the jury that Rea would be liable if he sent Nauman to take the car lawfully, and Nauman, acting without the

scope of his authority, committed a tort and broke into the garage, if Rea subsequently ratified the act, the evidence of ratification being that Rea refused to return the car except upon payment of the whole amount due. This instruction is erroneous under *Smith* v. *Lozo*, 42 Mich. 6. There, as here, Smith, an agent of the seller, was instructed to take from the buyer a sewing machine, possessed by the buyer under a so-called lease or title-retaining installment contract, and Smith in turn directed one Coe, sub-agent, to get the machine, and Coe got Roedecker to assist him and the machine was taken by them. Trespass was instituted against Smith, and, quoting:

"The circuit judge instructed the jury that if this trespass took place and was reported to the defendant, the general manager, and he on her demand refused to give up the machine and place her in the same position she occupied before it was taken, he was liable in the action to such judgment as they should think the evidence warranted under the circumstances.

"The effect of this charge was to hold Smith as a wrong-doer by adoption or ratification of the acts of Coe and Roedecker. The case, however, afforded no ground whatever for applying that doctrine. In order to involve one as a wrong-doer by subsequent adoption, the act complained of must have been done in his interest or been designed to further some purpose of his own. Cooley on Torts (1st Ed.), p. 127. There is no pretense, or any room for any, that any act of Coe or Roedecker in the transaction was done, or understood as being done, in the interest of Smith or for his benefit. The only interest was that of his principals, the company, and the charge itself very nearly implies it."

See, also, *Bath* v. *Caton*, 37 Mich. 199.

It is probable that Rea was held by the jury on the theory of ratification under such instruction, as

it is unlikely that a jury would find on this record that he personally had any part in the alleged wrongful taking. In this view, other questions are not now important.

Reversed. New trial granted. Costs to abide result.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.