WENZEL HORACEK, PLAINTIFF IN ERROR, v. JOHN V. KEEBLER, DEFENDANT IN ERROR.

1. **Contract on Sunday.** Neither at common law nor under our statute is a contract entered into on Sunday void for that reason.

2. **Sale.** In sales of property, unless otherwise expressed, it is implied that the seller may retain the possession until the price is paid.

3. ———: PERFORMANCE. And where a day certain is fixed within which the consideration is to be paid, performance or a tender thereof must be made within the time, or the seller will not be bound.

ERROR from the district court of Johnson county. It was an action for the replevin of five calves, brought by

·Keebler against Horacek. The jury found in favor of Keebler, and assessed his damages for the wrongful detention of the property at five dollars. Judgment entered on the verdict, and Horacek brought the cause here by petition in error.

*E. W. Metcalfe*, for plaintiff in error, cited General Statutes, 780. *Bloom v. Richards*, 2 Ohio State, 388. *Johnson v. Brown*, 13 Kan., 529.

*S. P. Davidson*, for defendant in error, cited 2 Parsons Contracts, 764. *Hill v. Sherwood*, 3 Wis., 346.

Lake, Ch. J.

It is a well established rule of practice in this court, that, in order to entitle a party to a review of errors alleged to have occurred on the trial of a cause in the district court, he must bring such errors to the attention of that court by a motion for a new trial, in which they are distinctly pointed out. *Midland Pacific Company v. McCartney*, 1 Neb., 398. *Mills v. Miller*, 2 Id., 299. *Wells, Fargo & Co. v. Preston*, 3 Id., 444. *Horbach v. Miller*, 4 Id., 31. We regard this rule as a very wholesome one, and which will be rigidly adhered to in the future.

In this case, the only error insisted upon, is the refusal of the court to give certain instructions to the jury which were tendered on behalf of the plaintiff in error.

Referring to the motion for a new trial, we find but three grounds stated therefor:

" 1. That the verdict is not sustained by sufficient evidence, and is contrary to law.

" 2. Irregularity in the proceedings of the court, by which the defendant was prevented from having a fair trial.

"3. Error of law occurring at the trial, and excepted to by the defendant."

It is not claimed that the errors now complained of are covered by either of the first two grounds upon which the new trial was asked, but it is insisted that they are embraced by the third.

The rule which we have adopted, requiring the errors complained of to be distinctly pointed out in the motion for a new trial, is not complied with by so general a statement of error in the ruling of the court. The error relied on should be so clearly described, in the motion, as to advise both the court and the opposing counsel of the precise ground of complaint,—whether in ruling upon the competency of a juror, the admission of testimony, instructions given to the jury, or any other of the numerous questions necessarily passed upon by the judge during the trial.

But, notwithstanding this motion fails to come up to the full requirements of the rule just referred to, we have taken the pains to examine the record as to the alleged errors in the refusal of the judge to give the two instructions requested on behalf of the defendant, and are fully satisfied that there is no just ground for complaint in this respect.

It is undisputed, that the contract in this case was made on Sunday, the 6'th of September, and that the price agreed upon was to be paid within a certain fixed time. Upon this point all the witnesses, on both sides, agreed. The dispute was as to the time actually fixed upon within which the payment was to have been made, whether within fourteen days, as contended by Keebler, or by the 14th of October, as claimed by Horacek.

We understand that, in sales of property, unless otherwise expressed, it is implied that the seller may retain the possession until the price is paid. And where a day certain is fixed upon within which the consideration is to

be paid, payment, or a tender thereof, within the time limited, must be made, or the seller cannot be compelled to part with his property.

It is clear, therefore, that if, by the terms of the contract, Horacek was required to make payment within fourteen days from the 6th of September, then his tender on the 13th of October, was too late, and gave him no right to take the calves.

By the first instruction which the court declined to give, it was sought to have the jury told, in substance, that the defendant could lawfully take the property *at any time*, even after the day fixed upon for payment, by first making a tender of the agreed price. This would have been erroneous, and was properly refused.

By his third instruction, the defendant sought to have the jury distinctly charged that, although the contract for the sale of the calves "was made on Sunday, the mere fact that the sale was so made on that day would not, of itself, invalidate the same." We think this instruction stated the law of this state, on that subject, correctly. By the common law, no distinction was made, in respect to the making of contracts, between Sunday and any other day. But, in England, and pretty generally in this country, more or less stringent laws have been enacted, by which all ordinary labor and business are forbidden under fixed penalties.

Our statute on this subject provides that, "if any person of the age of fourteen years, or upwards, shall be found on the first day of the week, commonly called Sunday, at common labor (work of necessity and charity only excepted), he or she shall be fined in any sum not exceeding five dollars, nor less than one dollar," etc.

In the case of *Bloom v. Richards*, 2 Ohio State, 388, it was distinctly adjudged under a statute, of which our's is a copy, that the simple making of a contract was not embraced in the prohibition of common labor. And,

under a similar statute the supreme court of Kansas has held the same way. *Johnson v. Brown*, 13 Kan., 529.

But, notwithstanding this instruction embodied a sound legal proposition, in view of the undisputed facts, and the instructions actually given, it is not at all probable that the jury were misled, or that the failure to give it could possibly have prejudiced the defendant's case.

It was a conceded fact that the contract was made on Sunday; the only substantial dispute being as to whether payment was required to be made within fourteen days, as claimed by the plaintiff, or, by the 14th day of October, as contended for by the defendant. On this condition of the case the court, *at the request of the defendant*, did charge the jury that, " if the contract for the sale of the calves in controversy was talked up and agreed upon between the plaintiff and defendant on Sunday, but that it was at the time understood and agreed that a sum of money, in consummation of said contract, should be paid on the Monday following; and if he afterwards did so pay a sum of money on any day of the week except Sunday, * * * then the contract is not invalidated for having been agreed upon on Sunday."

This instruction seems to imply, it is true, that if, in addition to agreeing to the contract, the payment of the money had been made on Sunday, the transaction could not be upheld. To this extent it is, of course, erroneous. But there was no pretense that any payment, or tender, was made on Sunday, and we think the jury could not possibly have been misled. Besides, the instruction was framed with especial reference to the defendant's theory of the transaction, and the testimony offered in its support; and the jury were thereby told that if they found this theory to be the true one they should return a verdict in favor of the defendant.

And, again, the judge of his own motion, in different language, repeated the instruction substantially, whereby

the point was brought distinctly to their attention, that if the defendant performed, or tendered performance of the contract, within the stipulated time, they should find in his favor.

On the whole, we think the case was very fairly submitted to the jury, and the judgment must be affirmed.

JUDGMENT AFFIRMED.