JOHN P. BECKER, AND OTHERS, APPELLANTS, V. LAFAYETTE ANDERSON, APPELLEE.

1. **Practice:** INSOLVENT ESTATE: INJUNCTION. The creditors of an insolvent estate may maintain an action in the district court against the executor, who is also the fraudulent mortgagee, to have a mortgage of personal property declared void on the ground that it was executed in fraud of such creditors.

2. ——— : ———. And when in such action it is shown that such executor is insolvent, and he is about to sell the property under the mortgage, the plaintiffs are entitled to an injunction restraining such sale, this being the only adequate remedy afforded.

THIS was a petition in equity, filed in the district court for Platte. county, by John P. Becker and Henry B. Coolidge on behalf of themselves and others, creditors of Lester Platte, whose claims had been presented to be approved and allowed by the county court for said county against Lafayette Anderson. At the hearing the plaintiff offered a witness, when the defendant objected to his testifying, on the ground that the petition did not state facts sufficient to constitute a cause of action. The plaintiff then offered to prove, by the witness, all the facts alleged in his petition. The court, POST, J. presiding, sustained the objection, refused to receive any testimony, and dismissed the suit. Plaintiffs appeal to this court.

It is alleged in the petition—that on the twenty-fourth day of September, 1875, Platte died, seized and possessed of a considerable real and personal estate, leaving a will, appointing among others the defendant Anderson one of his executors. The will being proven, he took upon himself the execution of the trust. Upon due proceedings in that behalf, claims against the estate were duly presented to the county judge of that county, and examined, approved, and allowed by him; one of which was in favor of the plaintiff Becker, for $167.64, and ac-

crued to him on the first day of September, 1874; and another was in favor of the plaintiff Coolidge, for $207.26, and accrued to him the first day of July, 1874. When these debts were contracted, the testator owned large real and personal estates, which he continued to own and hold till his death. Being indebted to the plaintiff and others, in a large amount, he, on the eighteenth day of September, 1875, made a chattel mortgage to the defendant Anderson, upon nearly all his personal property, in order to hinder, delay, and defraud the plaintiffs and his other creditors. On the fourth of January, 1876, the defendant, in order to carry out that purpose and intent, under the powers in the mortgage advertised the property for sale on the twenty-seventh of January, 1876; and it is alleged that, unless he is restrained by injunction out of the district court, he will sell the property and convert the proceeds to his own use, and deprive the estate and the creditors of said Platte, of all benefit of the property, or its proceeds, and prevent them from coming to the hands of the executors of the estate as assets thereof. Upon Platte's death, and from that time to the commencement of this action, the defendant has sold and is now selling the property of the estate and applying the proceeds to his own use. Before the commencement of the foreclosure proceedings Anderson's debt against the estate had been paid in full. He never presented it to the county court for allowance. The property covered by the mortgage was nearly all the personalty of which Platte died possessed, and his realty was encumbered to nearly its full value, and his estate is insolvent; his creditors are numerous and hold claims against his estate to a large amount. If Anderson converts the mortgage property to his own use, the creditors will not be paid. He is insolvent, and has no property in the county subject to levy and sale on execution.

Becker v. Anderson.

The prayer is for an injunction, and a decree declaring the mortgage fraudulent and void, and ordering that it be delivered up to be cancelled.

*Millet & Son* (with whom was *J. M. Woolworth*), for appellants.

When a testator in his life-time makes a conveyance or transfer of his property, to defraud his creditors, a creditor of the estate whose claim has been established by an order or decree of the probate court, may, by petition in equity, avoid the transfer as fraudulent; and he may do so in his own name if he be the only creditor, or on his own behalf and on behalf of all others if there be other creditors. *Hills v. Sherwood*, 48 Cal., 386. *Loomis v. Tifft*, 16 Barb., 541.

The circumstance that the executor is the fraudulent grantee, and is asserting the fraudulent transfer, and, under color of it, disposing of the property transferred, only strengthens the reason for the interference of equity; and, when the executor is insolvent, the creditor will not be remitted to his bond. *Platte v. Northam*, 5 Mason, 95. *Haag v. Sparks*, 27 Ark., 594. *Freeman v. Reagan*, 25 Id., 373. *Bate v. Graham*, 11 N. Y., 237. *Hagan v. Walker*, 14 How., 29.

*E. Wakeley*, and *Gerrard & Whitmoyer*, for appellee.

If this action will lie, so would it in any other case of an executor being about to dispose of, or injure or des-. troy, or misapply personal property so alleged to be held in trust. It would lie to prevent him from surrendering personal property to a third person holding a chattel mortgage upon it, alleged to be fraudulent; or asserting a title to it paramount or hostile to that of the deceased; or from selling it at a depreciated value, or to an irresponsible person on credit; or using it himself and for

his own benefit; or in short, in any way managing, controlling, or disposing of it to the prejudice of the estate or the creditors of the estate.   The end sought and the injury to be prevented are precisely the same in all these cases as in the case at bar.   So, too, it would lie if the executor had in his hands personal property which he claimed to be his own and never to have belonged to the testator, which he had refused to inventory, and which he was about to dispose of as his own.   But a suit in equity to determine this question, and perpetually enjoin Anderson from selling the property as his own, would be a novelty in jurisprudence.   And there would be a similar remedy to prevent the executor from paying a debt of the testator, or a tax on his property alleged to be illegal.   In short, it would lie in every case of a threatened misapplication or wrongful disposal of trust funds or property of an executor.   The rule in the case of an executor is the same as in other cases— that a perpetual injunction will not be granted except to prevent irreparable injury, and where there is no adequate legal remedy.   *Morgan v. Rotch*, 97 Mass., 396; is directly in point, and conclusive unless overruled by this court.   And *Wilson v. Leishman*, 12 Met., 316, is to the same effect.

Suppose the injunction should be granted, what is accomplished?   The executor may still fail, neglect, or refuse to sell and dispose of the property to pay debts; and the creditors would have to fall back upon the very remedy which the statute gives them for the wrong complained of.

LAKE, CH. J.

This is an appeal from Platte county, and the question for review is whether the petition states a good cause of action.

If the facts alleged be true, the mortgage falls clearly within our statute of frauds, and is void as to the plaintiffs who were the creditors of the mortgagor at the time it was executed. This, indeed, is not questioned by defendant's counsel, but they say that the plaintiffs are not in a situation to invoke the aid of a court of equity in their behalf. It is contended also that, under the circumstances, their remedy, whatever it may be, should be sought in the county court, where the settlement of the estate of Platte is being prosecuted.

In the examination of this question it should be borne in mind that the sale by this mortgage was void only as to the creditors of Platte. As between the immediate parties to the instrument, it was just as effectual to pass the title to the property as if executed in the utmost good faith. Chitty on Contracts 366, Marginal. It is true that provision is made in Sec. 211, Chap. 17, Gen. Stat., 317, for the recovery of goods, so fraudulently conveyed by a deceased person in his lifetime, whenever there happens to be a deficiency of assets in the hands of the executor, or administrator. But here the fraudulent vendee is the executor himself, who affirms the validity of the mortgage, and insists upon his right to hold and enjoy the property thereby conveyed, to the exclusion of the creditors of the estate. And he being in possession of the property under a sale, *prima facie* valid, and which until adjudged fraudulent in a proper action affords to him complete protection in his claim, we fail to see how the plaintiffs can have any remedy whatever against the sureties on the executor's bond. Therefore, where the executor is insolvent, in a case like the one now before us, the position taken by the defendant's counsel that the jurisdiction of the county court in the settlement of the estates of decedents, "provides most ample remedy," is clearly not maintainable. The only certain effectual remedy is the one here adopted,

by injunction, whereby the property can be held *in statu quo*, until the transaction can be investigated, and the validity or invalidity of the sale judicially settled.

We think that, in principle, this case falls clearly within that of *Hogan v. Walker*, 14 How. (U. S.), 29, and that the testimony afforded by the plaintiffs to sustain their petition ought not to have been rejected.

· The judgment of the district court is therefore reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.