Fitzgerald v. Andrews.

JOHN FITZGERALD, PLAINTIFF IN ERROR, V. B. BELL ANDREWS ET AL., DEFENDANTS IN ERROR.

1. **Bill of Sale: CHATTEL MORTGAGE.** A bill of sale in the nature of a chattel mortgage is good as between the parties to it without being filed, as the statute directs.

2. ———. And the neglect to so file the instrument, although making it void as to creditors of the seller, is available only to such of them as, by a lawful seizure, acquire a lien on the property while in his possession.

3. ———: **POSSESSION.** Where a bill of sale or chattel mortgage conveys, in absolute terms, the entire interest of the seller, without reservation, the vendee or mortgagee may, without demand, take possession of the property whenever he sees fit to do so. In such case the instrument itself is a continuing authority to him to do so; which he may exercise at his own pleasure.

4. ———: **MAKING OF ON SUNDAY.** A bill of sale made on Sunday is not invalid.

ERROR to the district court for Nemaha county. Tried below before DAVIDSON, J.

*J. H. Broady*, for plaintiff in error.

1. The property covered by the bill of sale and replevied was absolutely exempt from judgment creditors by force of the statute without any action of any one to give the exemption effect. Comp. Stat., p. 600, § 530. Maxwell Justice Pr., pp. 98, 99. *William v. Golden*, 10 Neb., 434.

2. The property being exempt was not the subject of a fraudulent sale as to creditors. *Boggs v. Thompson*, 13 Neb., 408. *Derby v. Weyrich*, 8 Neb., 174. Thompson on Exemptions, § 411.

*Osborn & Taylor*, for defendants in error.

1. Record shows that action was commenced in county court; does not show that O'Leary was a *bona fide* res-

ident of the county or state, or that he ever claimed to be; and we claim that the conveyance is, if anything, a chattel mortgage.

2.   On right of plaintiff to maintain action see *Haggard v. Wallen,* 6 Neb., 272.   *Williams v. West,* 2 Ohio State, 85.   *Goodman v. Kennedy,* 10 Neb., 273.

3.   Right given by statute of exemption is a personal privilege, and may be waived by debtor.   Thompson, § 438.   *Angell v. Johnson,* 2 N. W. R., 435.   *Haven v. Melogue,* 9 Ind., 196.   *Brown v. Leitch,* 31 Am. Rep., 43. *Conlee v. Chilcote,* 25 Ohio State, 320.   *Butt v. Green,* 29 Id., 667.

4.   Not being placed on record the mortgage is void. *Becker v. Anderson,* 11 Neb., 494.   *Philips v. Reitz,* 16 Kan., 396.

LAKE, CH. J.

This is a petition in error from Nemaha county.   The action in the court below was in replevin to recover possession of a lot of household goods, consisting of one stove and furniture, twenty pairs of blankets, fifteen quilts, and some dishes and table furniture, to which the plaintiff claimed he was entitled under a bill of sale made to him by one Dennis O'Leary, on the 27th of August, 1881, to secure the payment of the sum of fifty dollars for money borrowed.   That this was the object of the bill of sale was proved beyond all doubt.

After the giving of this bill of sale, O'Leary continued to hold possession of the goods until the 7th of October following, when the plaintiff, by his agent, took them into his own custody.   Thereupon, the defendant Andrews caused them to be seized under an execution that day issued on a judgment in his favor against O'Leary.   The question in the court below, therefore, was simply, which had the superior right, the plaintiff with his bill of sale, or the defendant under his execution?

In support of the finding and judgment of the district court, it is urged by defendant's counsel that the bill of sale being in effect simply a chattel mortgage, and not filed with the county clerk, as the law requires to make it effective as to creditors, was void as to him, and the property covered by it liable to seizure in satisfaction of his judgment. Comp. Stat., Chap. 32, Sec. 14.

Doubtless the property would have been liable to be so taken while it remained in the hands of O'Leary, notwithstanding the formal sale to the plaintiff. During all of that time, the sale, although for a good consideration, was of no effect as against O'Leary's creditors, who might acquire liens thereon by attachment or execution, unless protected under a claim of exemption. But, as between O'Leary and the plaintiff, the sale was perfectly good without being so filed, although void as to the creditors of the latter. *Becker v. Anderson*, 6 Neb., 499. *Conchman v. Wright*, 8 Id., 1. *Gregory v. Whedon*, Id., 373.

The defendant's judgment, however, was not of itself a lien on the property, nor could it become such except by the levy of an execution issued upon it. But before the defendant's execution was levied, and a lien thus obtained, the plaintiff had perfected his own by taking possession of the property, and thereby obviated the necessity of giving the statutory notice to O'Leary's creditors, by filing his bill of sale, of what his interest in the property was. With the property in the plaintiff's possession, or in that of his agent, his right to it as a security, which before was in peril of seizure by creditors, was made secure; for actual possession of personal property is notice to the world of the possessor's right to it. The controversy between the parties respecting this property is, therefore, really one of priority of lien, in which the evidence shows beyond all doubt that the plaintiff has the advantage of a few hours.

The filing of a chattel mortgage is required only where possession of the property is retained by the mortgagor.

And, to enable a creditor to take advantage of the neglect to file, he must, by a lawful seizure, acquire a lien on the property while it is in the possession of the mortgagor.

But it is argued that there is no provision in the bill of sale authorizing the mortgagee to take possession of the property, and that he did so without demanding it, and without O'Leary's consent. As to the matters of demand and consent, the evidence leaves room for doubt—it is conflicting. But they are entirely immaterial. The bill of sale is absolute in its terms, and conveys O'Leary's entire interest in the goods to Fitzgerald. The right of possession not being retained by O'Leary, the instrument itself was an authority to Fitzgerald to take the goods whenever he saw fit to do so, without demand. And this authority was neither surrendered nor forfeited by Fitzgerald's failure to act upon it at once, but it continued for his benefit, to be exercised at his own pleasure.

The fact that the sale was made on Sunday, although mentioned by counsel, does not seem to be relied on to defeat it, nor could it be successfully. *Horacek v. Keebler,* 5 Neb., 355.

O'Leary was called as a witness for the defendant. In his examination in chief, this question was put to him: "State if you informed Billy Fitzgerald, and did he not so understand, that you gave him said bill of sale of your own accord to prevent your creditors from collecting their claims?" This was objected to on behalf of the plaintiff, as leading; but the objection was overruled and · the witness answered, "Yes, sir." This was error. The question was clearly leading, and the objection ought to have prevailed.

It is not entirely clear, from the record, upon what precise grounds the court adjudged against the plaintiff, but they seem to have been the following findings of fact, viz.: 1st, that "there was no delivery of possession to plaintiff under said bill of sale." 2d, that "immediately before the levy

of the execution    *    *    *    the agent of the plaintiff, without consent of the maker of the bill of sale, had taken possession of the property in the absence of said maker." The first of these findings is entirely immaterial, being made so by the second, which is really in favor of the plaintiff, inasmuch as it shows thàt he had perfected his lien, and obviated the necessity of a filing of the bill of sale.

For these reasons the judgment must be reversed and a new trial ordered.

REVERSED AND REMANDED.

THE other judges concur.