EMMA GLOVER ET AL., Plaintiffs in Error, v. SUSAN CHEATHAM ET AL., Defendants in Error.

Kansas City Court of Appeals, December 7, 1885.

1. CONTRACT—NOTE EXECUTED AND DELIVERED ON SUNDAY.—At common law, a note executed and delivered on Sunday was not void. And the making of a contract on Sunday is not prohibited by the statute of this state. (Section 1578, Revised Statutes, referring to *labor*, etc., on Sunday). The making of a contract cannot be considered to be labor or work within the meaning of the statute, and a promissory note executed and delivered on Sunday, in this state, is not void.

2. ———— CONSIDERATION—DEBT BARRED BY LIMITATION.—A debt barred by the statute of limitations is a sufficient consideration to support a promissory note given therefor.

ERROR to Lafayette Circuit Court, HON. JOHN P. STROTHER, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

J. D. SHEWALTER and WASH ADAMS, for the plaintiffs in error.

I. The common law did not invalidate contracts made on Sunday. *Fox v. Musch*, 3 W. & S. 446; *Shuman v. Shuman*, 3 Casey 90; *Johnson v. Brown*, 13 Kansas 529; *State v. Ricketts*, 74 N. C. 187; *Bloom v. Richards*, 2 Ohio St. 388; *Boynton v. Page*, 13 Wendell (N. Y.) 425; *Moore v. Clymer*, 12 Mo. App. 14.

II. The statute of this state, as to Sabbath-breaking, Revised Statutes, section 1578, does not change the common law. The word "*labor*" does not comprise the making of contracts. *Moore v. Clymer*, 12 Mo. App. 14; *Bloom v. Richards, supra;* see also, *Fritch v. Heisler*, 40 Mo. 455; *Gwinn v. Simes*, 61 Mo. 337.

III. A debt barred by the statute of limitations is a sufficient consideration to uphold a note. The statute of limitations does not extinguish the debt, but bars the remedy, and this is the reason. Chitty assigns why a demand may be revived by the debtor's subsequent promise without any *new consideration*. Chitty on Cont. 907, 922; 1 Parsons on Cont. (6 Ed.) 434; *Hill v. Henry*, 17 Ohio 9; *Bell v. Morrison*, 1 Peters (U. S.) 371; *Little v. Blumb*, 9 Pick. (Mass.) 492; 1 Daniels on Neg. Inst. (2 Ed.) 182.

IV. In the case of *Kaufmann v. Hamm* (30 Mo. 389), a note *executed on Sunday for a pre-existing debt* was upheld. It is now settled law that a written promise to pay, *whether made before or after* the debt is barred, will continue the remedy and remove the statutory bar. *Patton v. Hassinger*, 69 Pa. St. 311; Angell on Limitations (5 Ed.) sect. 208.

WILLIAM WALKER and RICHARD FIELD, for the defendants in error.

I. The note sued on was executed and delivered on Sunday and is, therefore, void. The statute (sect. 1578, Rev. Stat.) having inflicted a penalty for doing the thing forbidden, the courts will not assist a wrongdoer. The penalty implies a prohibition of the things mentioned in the statute. The statute prohibits *labor or any work*. It is remedial and is to be liberally construed as regards the mischief to be remedied. *Smith v. Wilcox*, 24 N. Y. 354; Rev. Stat., sect. 1578; *Tucker v. West*, 29 Arkansas 393; *Hill v. Wilker*, 41 Georgia 454; *Sayne v. Wheeler*, 31 Iowa 114; *Raines v. Watson*, 2 West Va. 393; *Love v. Wells*, 25 Indiana; *Reeves v. Butcher*, 31 N. Y. 226; *Cranson v. Goss*, 107 Mass. 440; *Hill v. Sherwood*, 3 Wis. 345; *Ex parte* Andrews, 18 Cal. 679; 2 Parsons on Cont. (5 Ed.) 757, notes *n, o, p, q, r*; *Specht v. Commonwealth*, 8 Pa. St. 312.

II. The penalty implies a prohibition. *Wood v. Armstrong*, 54 Ala. 150; *Downing v. Ringer*, 7 Mo. 586; *Tuxberry v. Miller*, 19 Johns. (N. Y.) 311.

III.   The case of *Moore v. Clymer* (12 Mo. App. 14), involved a construction of the Illinois statute.   The case of *Kaufmann v. Hamm* (30 Mo. 389), is put upon the authority of *Greer v. Putnam* (10 Mass. 313), which was afterwards virtually overruled by *Pattee v. Greely* (13 Metc. (Mass.) 284).   The Missouri statute uses the words "to labor or perform any work."   Certainly the expression "any work" means something in addition to labor.

HALL, J.—This is an action upon a promissory note, executed and delivered in 1879 upon a Sunday. The note was given for a debt, which was barred by the statute of limitations.

## I.

The principal, if not the only, question presented for our determination is, "is a promissory note, in this state, executed and delivered on Sunday, void ?"

At common law a note executed and delivered on Sunday was not void.   2 Benjamin on Sales, sect. 842 ; *Moore v. Clymer*, 12 Mo. App. 14 ; *Bloom v. Richards*, 2 Ohio St. 388.

And such is the law in this state, unless the rule of the common law has been changed by some statute of this state.   The statute upon this subject, in force at the time of the execution of the promissory note, is section 1578, Revised Statutes, which is as follows:  "Every person who shall either labor himself, or compel or permit his apprentice, or servant, or any other person under his charge or control, to labor or perform any work, other than the household offices of daily necessity, or other works of necessity or charity, or who shall be guilty of hunting game,  *  *  *  shall be deemed guilty of a misdemeanor and fined not exceeding fifty dollars."

And the question is, "is the execution of a promissory note included within the prohibition of the statute 'to labor or perform any work ?'"

In Ohio there was a statute, which provided "that if any person of the age of fourteen years and upwards, shall be found on the first day of the week, commonly called Sunday, sporting, rioting, quarreling, hunting, fishing, or at common labor (works of necessity and charity excepted), he or she shall be fined in a sum not exceeding five dollars, nor less than one dollar; provided, that nothing herein contained shall be so construed as to extend to those who conscientiously do observe the seventh day of the week as the Sabbath; nor to prevent families emigrating, watermen from landing their passengers * * *."

The question arose in Ohio whether the making of a contract was included within the prohibition of that statute. In a very able and elaborate opinion, written by Judge Thurman, it was held by the supreme court of that state that the making of a contract was not included within the prohibition of the statute. In the opinion of the court a great many cases from numerous states holding Sunday contracts void were examined at length, and it was shown that in all those cases the statutes, under which they arose, differed from the Ohio statute, by prohibiting not only labor but also *business;* and that the decisions in all those cases were based upon the use of the word "business" by those statutes. *Bloom v. Richards,* 2 Ohio St. 388.

The Ohio statute was adopted by Nebraska, and it has received the same construction by the supreme court of the latter state. *Horacek v. Keebler,* 5 Neb. 358.

In Kansas the statute was as follows: "Section 255. Every person who shall either labor himself or compel his apprentice, servant, or any other person under his charge or control, to labor or perform any work * * * on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor," etc. Under that statute a contract made on Sunday was held by the supreme court of that state not to be void. *Johnson v. Brown,* 13 Kansas 530.

The statute of New York prohibited traveling,

except in specified * * * cases, servile laboring or working, and the exposure to sale of any wares or merchandise, except certain articles of food, at a particular hour of the day. In that state it has been held that the making of a contract is not forbidden by the statute. *Merritt v. Earle*, 29 N. Y. 115. And under that New York statute a private sale of a horse has been held to be valid. *Boynton v. Page*, 13 Wend. 429.

In *Kaufmann v. Hamm* (30 Mo. 388), it was held that a promissory note given on Sunday for an antecedent debt was not void, under a statute exactly like our present statute, except that that statute contained no prohibition against hunting game, etc. Speaking for myself, I cannot perceive why that case is not a direct authority upon this question. It is considered an authority upon this question by Brewer, J., who delivered the opinion in the case of *Johnson v. Brown,* *supra*, and it is so cited in 2 Benjamin on Sales, in the note to section 842. Its authority has undoubtedly been very much weakened by the supreme court in all subsequent cases, in which this question has arisen, reserving its opinion upon this question. *Gwinn v. Simes*, 61 Mo. 335. But that case has never been overruled. I say that that case is an authority upon this question, because, if under our statute a contract made on Sunday is void, the note in that case would have been void and the plaintiff's remedy would have been confined to an action upon the antecedent debt. Since that case this question has been discussed only once by an appellate court in this state. In *Moore v. Clymer* (12 Mo. App. 14), the question was, whether a promissory note executed and delivered in Illinois on Sunday was void under the statute of Illinois. The Illinois statute was in evidence and it differed materially from our statute. It read as follows : " Whoever disturbs the peace and good order of society by labor (works of necessity and charity excepted), or by any amusement or· diversion on Sunday, shall be fined not exceeding twenty-five dollars." The discussion in the latter case was not confined to the

peculiar language of the Illinois statute but extended to the meaning of the word "labor," and the opinion of the court, after a review of all the adjudications upon the subject, is clearly expressed that a prohibition of work and labor does not apply or refer to the making of a contract, or, as in that case, to the execution of a promissory note. As said by Lewis, J., who delivered the opinion in that case: "The only adjudications we find which seem to run counter to the foregoing are two in Indiana, where the statute is precisely like that of Ohio," and one in Iowa. "These decisions fail to carry with them even persuasive authority."

Since *Kauffmann v. Hamm* was decided the legislature, though often in session, has permitted the statute to remain unchanged. The construction placed upon the statute in that case, in the light of the authorities above cited, we think a correct construction. The legislature alone can change or modify that statute, if indeed any change or modification should be made. We hold that the making of a contract is not prohibited by the statute of this state, set out in this opinion; that the making of a contract cannot be considered to be labor or work, within the meaning of those words as used in that statute; and that a promissory note executed and delivered on Sunday in this state is not void.

## II.

We do not understand that it is necessary for us to decide any other question in this case. But as the case must be re-tried, in order that there may be no misunderstanding we shall pass upon the other question presented by the plaintiff in error. A debt barred by the statute of limitations is a sufficient consideration to support a promissory note given therefor. 1 Daniel on Negotiable Instruments, sect. 182; Story on Promissory Notes, sect. 185.

The judgment is reversed and the cause remanded. All concur.