CHARLES ROBYN, Respondent, v. SUPREME SITTING ORDER OF THE IRON HALL, BRECK JONES, Receiver, Appellant.

,St. Louis Court of Appeals, November 21, 1893.

1. **Benefit Societies:** CONSTRUCTION OF CERTIFICATE OF INSURANCE. A benefit certificate provided on stipulated conditions for the payment to the holder of a sum of "not exceeding $1,000," but contained no other provision for the determination of the amount of the liability; nor did the constitution or by-laws of the benefit society help out the certificate in this regard. *Held*, that the certificate entitled the holder to the full amount named, to-wit, $1,000.

2. ———: INADEQUACY OF CONSIDERATION FOR BENEFITS CONTRACTED FOR. The certificate provided for the payment of said sum at the end of seven years, and required as a condition thereto that the the holder of it should pay the benefit society such assessments as might be made during that period. The assessments made by the society during these seven years against the holder of the certificate amounted to only $351. *Held,* that this fact could not operate in reduction of the claim under the certificate.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*R. M. Nichols* for appellant.

*Lubke & Muench* for respondent.

BIGGS, J.—This is an action upon a matured certificate of insurance, issued by the defendant order, for $1,000. The certificate, which is dated on the twenty-ninth day of July, 1885, is as follows:

"No. 10,809.                                    $1,000.00.

"RELIEF FUND CERTIFICATE.

"The Supreme Sitting Order of the Iron Hall.
"For and in consideration of that Charles Robyn

has become a member of local branch, number 229, Order of the Iron Hall, and has obligated himself to obey all lawful commands of this Order, whether emanating from the local branch of which he may be a member, or from this Supreme Sitting, or from any other duly constituted authority, and of the sum of $2.50, which he had paid to said local branch as an assessment on account of the relief fund of this order, and of further assessments of a like amount to be paid as may be regularly and lawfully called for, and of an explicit compliance with all the laws, rules and usages of this order, also all laws enacted, and especially with the conditions herein set forth, do grant unto the said member this certificate, and declare him to be entitled to all the rights and privileges properly belonging to members of his rank and standing, including a benefit of not exceeding

"ONE THOUSAND DOLLARS,

from the relief fund of this order, which sum shall be paid in the manner, and upon the conditions hereinafter mentioned, to wit:

"In case the said member shall continue to pay all assessments, dues and demands, which may be legally made against him, or against this certificate, for the full term of seven years from its date, making all such payments punctually within the prescribed time, and shall in all particulars maintain himself in good standing in the order, then the said member shall be entitled to a sum not exceeding the principal amount named herein, less the amount which he has already received as benefits from the order on account of sickness or other disability, or otherwise."

The other conditions in the certificate need not be set out.

It is alleged in the petition that the plaintiff had fully complied with all the terms and conditions of the contract, that the certificate matured on the thirtieth day of July, 1892, and that the amount named in the certificate was due to plaintiff, which the defendant had declined to pay.

The action was begun on the nineteenth day of August, 1892, and a few days thereafter Breck Jones was appointed receiver for the defendant order. He was permitted by the court to defend the action. After a general denial his answer was to the effect that the company was insolvent; that the certificate was merely an obligation of indemnity for a period of seven years; and that the plaintiff had not paid as a consideration for the claim of $1,000, a sum exceeding one-half of that amount.

The plaintiff's evidence tended to prove that he had never drawn any benefits from the defendant order, and that during the seven years he had fully and promptly paid all assessments that were levied against him. The plaintiff read in evidence the certificate; and he also offered and read in evidence paragraph two, of section three, of article one of the constitution of the order, which provides that an amount of not more than $1,000 shall be paid to the holders of certificates when they have held a continuous membership in the order for seven years without suspension, provided, however, that the sum total drawn from the order by any of its members shall never exceed, both in sick, disability and other benefits, the sum named in the certificate.

The plaintiff also read in evidence section one of the relief fund laws of the order, to the effect that members shall participate in the relief fund, as they may severally elect, either in the sum of $1,000, or specified smaller sums according to the amount of the

assessments agreed to be paid; and the table of rates and benefits exhibited in that section contains in the last column, "Benefit *paid* at the end of seven years, $1,000," which was the highest amount that any beneficiary could receive.

Section 4, of the relief fund laws, which was also read in evidence, provides: "The sum as prescribed in the member's certificate *shall be paid* to the member * * * in case of * * * maturity, and such *payment* shall be made as hereinafter prescribed and according to the conditions set forth in said certificate."

At the close of the plaintiff's case the receiver asked the court to declare as a matter of law that the plaintiff could not recover. This instruction the court refused. The receiver also asked the following instructions, which were likewise refused:

"The court declares the law to be, that, if it finds for the plaintiff, it will assess his damages in an amount equal to the assessments actually paid by him to defendant under his said contract of membership, together with interest thereon at the rate of six per cent. per annum from the date of bringing this suit, in a sum, however, not greater than one thousand dollars ($1,000) less any amount or sum of money which he may have received during his said membership of defendant as sick or other benefits."

"The court declares the law to be that, if it finds for the plaintiff, it will assess his damages in an amount equal to the assessments actually paid by him to defendant under his said contract of membership, together, with interest thereon at the rate of six per cent. per annum from the date of the respective payments of said assessments, in a sum, however, not greater than one thousand dollars ($1,000), less any amount or sum of money he may have received, during his said membership, of defendant as sick or other benefits."

Thereupon the court, sitting as a jury, found the issues for the plaintiff, and entered a judgment against the defendant for the amount of the certificate and six per cent. interest thereon from the date of the institution of the suit. The receiver has appealed.

The defendant's instructions as to the measure of damages were submitted on the theory that the certificate was nothing more than a contract of indemnity, and that consequently the damage suffered must be measured by the amount paid in. In support of this it is urged that there was no promise to pay anything; or, if there was, there was no agreement to pay a specified sum; that the language of the certificate, that the plaintiff would at the end of seven years be entitled to a sum "not exceeding $1,000" necessarily implied that the liability might be for a smaller sum; that this language, when read in connection with the constitution and by-laws of the order, is susceptible of the construction that an account was to be kept between the plaintiff and the order, and that at the maturity of the contract the defendant's liability was to be fixed by the amount of the assessments paid by the plaintiff, not to exceed, however, $1,000, thus making the contract strictly one of indemnity.

We must confess that we have been unable to fully comprehend the force of the argument made in support of this position. When the certificate, the constitution, and the by-laws of the orders are considered, it seems to us that we have an absolute contract of insurance on the tontine plan, in which the defendant agreed to pay to the plaintiff at the expiration of seven years $1,000, provided he observed the rules and regulations of the order and should pay all lawful assessment against him. It is true that the language employed in the certificate, standing by itself, would seem to imply a minimum and maximum liability; but there is nothing indicating how

a minimum liability could be fixed. In the absence of this, the fair inference to be drawn is that it was understood that the plaintiff should receive the full amount named in the certificate, provided he performed his part of the agreement. Any other construction would make the insurance a cheat and a fraud. There is a class of benefit certificates which provide that a certain assessment against the members of the association, not exceeding a stated amount, shall be paid to the holder or beneficiary in each matured certificate. It has been held that the liability on such a certificate was *prima facie* the amount stated therein, and that to reduce it the association must show that the avails, or the probable avails, of such assessment would fall short of the sum named in the certificate. May on Insurance, sec. 563*a; O'Brien v. Home Benefit Society*, 117 N. Y. 310. But in the case at bar no contingency is stated which would result in reducing this *prima facie* liability, and it is reasonable to assume that nothing of the kind was contemplated.

The case of *Lueders' Ex'r v. Hartford, etc. Co.*, 12 Fed. Rep. 465, presented a similar state of facts. Touching the extent of the recovery, Judge TREAT said: "In the absence of any proof to the contrary, the sum recoverable should be against the corporation for the maximum insured. Any other rule would make this insurance scheme a mere delusion and snare. * * * If the defendant's theory as to the true construction of the contract * * * is to obtain, then a policy like the present is of little worth. True, if a person, *sui juris*, chooses to make a foolish contract, he must abide by its terms; but should not the contract be so construed as to make its contemplated benefits available? * * * This court cannot hold otherwise than that, when suit has to be brought, the recovery should be for

the maximum insured, unless the defendant shows by pleadings and proof that said sum should be reduced."

We, therefore, conclude that the court did right in refusing the defendant's instructions.

During the seven years the plaintiff, by way of assessments, paid into the company $351. It is now urged that a construction of the contract, which would require the defendant at the end of seven years to pay to him $1,000, is unconscionable and therefore non-enforcible. It is hard to understand how the defendant expected to maintain itself on such a basis. But it has only itself to blame; for there was no limit as to the number of assessments, and there was nothing to prevent the defendant from accumulating a sufficient fund by means of assessments and lapses to meet its matured obligations. As it is, it does not lie in its mouth to say that the contract was unreasonable, since the plaintiff has fully performed it on his part by paying all assessments against him. The contention is itself unreasonable, and absolutely without merit.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.