MARGARET FRAME, Respondent, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, Appellant.

67   127
92   534

Kansas City Court of Appeals, May 18 and June 15, 1896

1. **Benefit Societies:** CONSTRUCTION OF WOODMEN'S CERTIFICATE *Held*, that a certificate of membership in the Woodmen of the World is an agreement to pay on the death of the member the sum certain, named in the body of the contract, with the additional provision contained in the indorsement as to how that sum should be raised by the lodge, and that the sum which may be raised by the assessment is the real sum which would be owing to beneficiary.

2. **Evidence:** WOODMEN'S CERTIFICATE: ONUS OF PROOF. Where a certificate of membership in a benefit society is a promise to pay a certain sum raised in a certain mode, the *onus* is on the society to show the sum could not be raised, especially since the facts lie peculiar within its knowledge.

3. **Benefit Societies:** FORFEITURE: REINSTATEMENT. A member of the Woodmen's Benefit Society in arrear for his dues took suddenly sick on Sunday on which day the clerk of the camp being told of his sickness received his back dues and gave him a certificate of reinstatement. The member died on the next Wednesday. *Held*, the action of the clerk placed defendant back in the order since he had full knowledge of his sickness at the time of accepting the pay.

4. ———: USE OF INTOXICATING LIQUORS. The fact that a member of the Woodmen's society uses intoxicating liquor before and after his membership will not defeat a recovery of the beneficiary in the certificate when the member's health was not impaired thereby, or the society has waived the stipulation.

5. ———: WAIVER. On the facts in this case the Woodmen's society is *held* to have waived a violation of the by-law in the use of intoxicating liquors.

6. Sunday Law: REINSTATEMENT INTO BENEFIT SOCIETY. The fact that the reinstatement of a member in a benefit society occurred on Sunday does not make it void.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Sangree & Lamm* for appellant.

(1) The court erred in not sustaining defendant's demurrer to plaintiff's evidence and erred again in refusing instructions 1, 2, and 3 asked for defendant. *Taylor v. Temperance Union*, 94 Mo. 35; *Herndon v. Triple Alliance*, 45 Mo. App. 427; *Burdon v. Safety Fund Ass'n*, 147 Mass. 360, 367; *Accident Ass'n v. Tuggle*, 138 Ill. 428; *In re Solidarite M. B. Ass'n*, 68 Cal. 392; *Deardorff v. Guaranty Ass'n*, 89 Cal. 599; *O'Brien v. Benefit Society*, 117 N. Y. 310; *Bailey v. Benefit Ass'n*, 71 Iowa, 689; *Tobin v. Aid Society*, 72 Iowa, 261; *Garretson v. Eq. M. L. & End. Ass'n*, 74 Iowa, 419; *Curtis v. Life Co.*, 48 Conn. 98; *Suppinger v. Mutual Ass'n*, 20 Bradw. 595; *Jackson v. N. W. M. Rel. Ass'n*, 73 Wis. 507; *Earnshaw v. Aid Society*, 68 Md. 465; *Smith v. Ben. Ass'n*, 24 Fed. Rep. 685; *O'Brien v. Benefit Society*, 46 Hun, 426; *Freeman v. Benefit Society*, 42 Hun, 252; *Martin v. Eq. A. Ass'n*, 55 Hun, 574; *Ball v. Granite State Ass'n*, 64 N. H.

261; 9 Atl. Rep. 103. (2) The constitution, by-laws, and fundamental laws pertinent to the plan of insurance in question, as well as the conditions printed on the back of the certificate, are one and all a part of the contract of insurance in such cases as the one in hand and must be complied with. 1 Bacon's Benefit Societies and Life Insurance [2 Ed.], sec. 161, and *post*, and authorities cited. *Grand Lodge v. Elsmer*, 26 Mo. App. 108; *State v. Benefit Society*, 42 Mo. App. 485. Hence, it was error for the court to refuse instructions numbered 4, 5, and 8 prayed for defendant. (3) Instruction number 3 given for plaintiff was vicious because a waiver must be intentional and with knowledge. *Steifel v. German Ass'n*, 55 Mo. App. 224; *Robertson v. Ins. Co.*, 88 N. Y. 541; *Ins. Co. v. Hebard*, 95 Pa. St. 45; *Ryan v. Ins. Co.*, 46 Wis. 671; *Behrens v. Ins. Co.*, 64 Iowa, 19; *State v. Temperance Society*, 42 Mo. App. 485; *Borgrafe v. Supreme Lodge*, 22 Mo. App. 127 (140 and post); *Harvey v. Grand Lodge, etc.*, 50 Mo. App. 472; *Coleman v. Supreme Lodge*, 18 Mo. App. 189; *Froehly v. Ins. Co.*, 32 Mo. App. 302, 312; *Chadwick v. Triple Alliance*, 56 Mo. App. 463; see page 469, and *post*. (4) The act and labor of paying these dues and recording the same, the contract of reinstatement, were one and all tainted with the illegality of being done on Sunday. They are within the mischief of the statute. *Gwinn v. Simes*, 61 Mo. 335; *Fritsch v. Heislen*, 40 Mo. 555; *Rosenblatt v. Townsley*, 73 Mo. 536. While this court has held otherwise (*Grover v. Cheatham*, 19 Mo. App. 656), yet we submit whether or not in view of the trend of the foregoing cases it was not error for the court to give instruction number 5.

*Orville M. Barnett* and *G. W. Barnett* for respondent.

(1) The burden was not on plaintiff to prove that an assessment, if made, would have produced the amount sued for, but the measure of recovery was *prima facie* the amount named in the beneficiary certificate; and if defendant desired to reduce this amount or overcome this *prima facie* case, the burden was upon it to plead and prove that if an assessment had been made and collected it would not have produced the amount claimed. *Robyn v. Supreme Order Iron Hall*, 55 Mo. App. 198 (especially at page 203); *Lake v. Relief Association*, 63 N. W. Rep. (Minn.) 261; *McFarland v. Mut. Aid Ass'n*, 124 Mo. 204; *Lueders v. Ins. Co.*, 12 Fed. Rep. 465–472; *Follis v. Association*, 62 N. W. Rep. (Iowa) 807; *Safety Fund Ass'n v. Windover*, 137 Ill. 417; s. c., 27 N. E. Rep. 538; *Ben. Society v. McKay*, 39 N. E. Rep. (Ind.) 234; *Protective Union v. Whitt*, 36 Kan. 760; s. c., 14 Pac. Rep. 275; *Aid Ass'n v. Houghton*, 103 Ind. 286; s. c., 2 N. E. Rep. 763; *Nerskin v. Association*, 30 Minn. 406; s. c., 15 N. W. Rep. 683; *Burland v. Association*, 47 Mich. 424; s. c., 11 N. W. Rep. 269; *Mut. Aid Ass'n v. Riddle*, 91 Ind. 84; *Bentz v. Aid Ass'n*, 40 Minn. 202; s. c., 41 N. W. Rep. 1037; *Union v. Gardner*, 41 Kan. 397; s. c., 21 Pac. Rep. 333; *Supreme Lodge K. of P. v. Knight*, 117 Ind. 489, 491; *Supreme Council v. Anderson*, 61 Tex. 296; *Association v. Swanson*, 49 Kan. 449. The amount which an assessment would have produced was peculiarly within the knowledge of the defendant. *Lueders v. Company*, 12 Fed. Rep. 465, 472; *Supreme Lodge K. of P. v. Knight*, 117 Ind. 489, 491; *Protective Union v. Whitt*, 36 Kan. 760; 2 Taylor on Evidence [8 Ed.], sec. 376. (2) To hold that such officers

could not waive anything in a case like this, would be to assert that they could not do what they were authorized to do, because their performance of their authorized acts would result in waiving such matters as were inconsistent with the performance of their duty. *Hoffman v. Supreme Council*, 35 Fed. Rep. 252; *McDonald v. Supreme Council*, 78 Cal. 49, 20 Pac. Rep. 41; *Walsh v. Ins. Co.*, 40 Iowa, 133; *Ben. Ass'n v. Beck*, 77 Ind. 203; *Erdman v. Order Herman's Sons*, 44 Wis. 376; *Grand Lodge v. Brand*, 29 Neb. 644; *Whitney v. Masonic Ass'n*, 59 N. W. Rep. (Minn.) 943; *Supreme Council v. Boyle*, 37 N. E. Rep. (Ind.) 1105. (3) The clerk of the local camp without any action on the part of the camp, had full authority to reinstate Frame, whether in his usual health or not, and, by the receipt of the back dues and assessments, did so reinstate him. *Woodmen of America v. Jameson*, 48 Kan. 718, 722; 30 Pac. Rep. 460; *McDonald v. Supreme Council*, 48 Cal. 49; *Connelly v. Ben. Ass'n*, 58 Conn. 552; *Rice v. Grand Lodge*, 60 N. W. Rep. (Iowa) 726; *Manson v. Grand Lodge*, 30 Minn. 508; 16 N. W. Rep. 395. (4) Under the view we take of the case it is immaterial whether the officers of the camp knew of Frame's alleged intemperance or not, as it was their duty to know these facts when they reinstated him. Yet, conceding that they would not be estopped from complaining unless they knew the facts, yet whether they had such knowledge or not was in fact submitted to the jury under proper instructions. (5) The law does not favor forfeitures, and this doctrine is applicable to beneficiary societies like this, as well as to ordinary insurance companies. *Connelly v. The Shamrock Co.*, 43 Mo. App. 283; *McFarland v. Accident Ass'n*, 124 Mo. 204; *Miner v. Mut. Ben.*, 63 Mich. 338; s. c., 29 N. W. Rep. 852; *Erdman v. Order Herman's Sons*, 44 Wis. 376; *Woodmen v. Jameson*, 48 Kan. 718. (6) The fact that the dues and

assessments were paid on Sunday does not render the reinstatement void or ineffectual. *Roberts v. Barnes,* 127 Mo. 405; *Glover v. Cheatham,* 19 Mo. App. 656.

ELLISON, J.—This action is based on a certificate of membership of the Sovereign Camp of the Woodmen of the World, whereby plaintiff's deceased husband's life was insured, under the terms and conditions named therein. The plaintiff recovered in the trial court. The certificate is as follows:

"BENEFICIARY CERTIFICATE.

"No. 1881, Mo.                          Amount, $2,000.
    "Age, 46.                          Rate, $1.15.

    "SOVEREIGN CAMP, WOODMEN OF THE WORLD.

    "This certificate, issued by the Sovereign Camp of the Woodmen of the World, by its authority, witnesseth: That Sovereign Thomas H. Frame, a member of Sedalia camp number 16, located at Sedalia, state of Missouri, is, while in good standing as a member of this fraternity, entitled to participate in its beneficiary fund, to the amount of two thousand dollars, payable at his death to his wife, Margaret Frame, $1,000— $1,000 equally divided between his children, Fredonia, Callie, and Olin Frame, by this sovereign camp, unless said camp shall have been set off in a separate beneficiary jurisdiction. In that event, payment shall be made by the head camp of that jurisdiction. And there shall also be paid the sum of one hundred dollars for the placing of a monument at his grave. This certificate is issued and accepted subject to all the conditions on the back hereof, and named in the sovereign constitution, fundamental laws, and by-laws of this fraternity, and liable to forfeiture if said sovereign shall not comply with said conditions, constitution, fundamental laws, and such by-laws, as are or may be adopted by the sovereign camp, head camp, or the camp of the

jurisdiction of which he is a member at the date of his decease. This certificate shall be incontestable after one year from date hereof, provided the sovereign to whom issued has complied with all the requirements hereon.

"In witness whereof, we have hereunto affixed our official signatures, and impressed the seal of the sovereign camp. Done at Omaha, state of Nebraska, this eighteenth day of May, A. D. 1892."

Which indorsement and conditions on the back are as follows:

"Conditions referred to and made a part of this certificate:

"1. This certificate is issued in consideration of the representations and agreements made by the person named in this certificate in his application to become a member of this fraternity, and also in consideration of the payment made when adopted in prescribed form, and his agreement to pay all assessments and dues that may be levied during the time he shall remain a member of the Woodmen of the World.

"2. In case of death, while a member of the fraternity in good standing, his beneficiary shall receive such sum as may be collected from an assessment upon all members according to the certificates held by each, but said sum to be paid shall not exceed the amount stated in the face of this certificate.

"3. If the admission fee and dues are not paid as required by the laws of the fraternity, and if beneficiary fund assessments assessed against the persons named in this certificate are not paid to the clerk before the first day of the month following the levy of the same, then this certificate shall be null and void, and continue so until payment is made, and the requirements of the constitution, fundamental laws, and by-laws of this

fraternity have been complied with, in which event it shall become restored.

"4. If the member holding this certificate shall be expelled from the fraternity, or become so far intemperate, or use opiates to such an extent as to permanently impair his health, or to produce delirium tremens, or shall die in consequence of a duel, or by his own hand (except it be shown that he was at the time insane) or by the hand of the beneficiary, or beneficiaries herein (except by accident), or in consequence of the violation, or attempted violation of the laws of the state or of the United States, or of any other province or nation, or if any of the statements or declarations in the application for membership, and upon the faith of which this certificate is issued, shall be found in any respect untrue, then in every such case this certificate shall be null and void and of no effect, and all moneys which shall have been paid, and all rights and benefits which may have accrued on account of this certificate, shall be absolutely forfeited without notice or service."

At the close of the case made by plaintiff, defendant demurred to the evidence on the ground that it devolved on plaintiff to prove that an assessment was had, or if it would have resulted in the collection of the amount sued for, or some substantial sum. There was no allegation to this effect in the petition, nor was there any evidence on that head offered by plaintiff. The plaintiff contends that the *onus* was on defendant to establish such fact (if it could be established) as a matter of defense.

Our construction of the contract embodied in the body of the certificate, together with the indorsements thereon, is that it is an agreement to pay the sum certain, named in the body of the contract, with the additional provision contained in the indorsement as to how that sum should be raised by the defendant, and that

the sum which may be raised by the assessment provided for is the real sum which would be owing by the defendant to the beneficiary. In other words, the contract is to pay the sum named, provided it may be realized by an assessment under the rules and by-laws of the company. There is a class of cases which hold that the *onus* is on the plaintiff to allege and prove that an assessment would realize the maximum sum promised. But these cases will be found, on examination, to refer to certificates which merely promises to pay the sum which may be raised by a certain assessment. The case of *Taylor v. National Temp. Union*, 94 Mo. 35, is of that type. But here the promise is, as before stated, to pay a certain sum which is to be raised by a certain mode. In such case, the *onus* would be on defendant. *Robyn v. Iron Hall*, 55 Mo. App. 198; *Metropolitan Accident v. Windover*, 137 Ill. 417; *McFarland v. U. S. Mut. Aid Ass'n*, 124 Mo. 204.

This would be the result from another consideration. It is a rule of law, as applied to evidence, that where facts lie peculiarly within the knowledge of a party, such party ought to be required to show them. *People's Mut. Ben. v. McKay*, 141 Ind. 415; *Lueders v. Company*, 12 Fed. Rep. 472. So we conclude that if defendant placed reliance in the suggestion that an assessment would not have realized the sum named, it was a matter to be shown by it in defense.

It is provided in the certificate that if the insured shall become so far intemperate as to permanently impair his health, the certificate should become void. It was provided by the by-laws of the defendant, that if a member should fail in the payment of his dues, it deprived him of the benefit of the certificate, but that he could by proper payment at any time less than three months after such failure, pay his arrearages and

become reinstated.   He took suddenly sick on Sunday, May 20, from which sickness he died on the following Wednesday. On the first day of his sickness, a relative went to the clerk of the local camp, told the clerk of his sickness, paid up his back dues, and received a certificate of reinstatement.   We shall assume that the clerk took this action with a knowledge of his situation and condition, since the jury must have so found the facts, under the instructions of the court.   We therefore regard deceased's reinstatement as placing him back in the order, with full privileges of participating in the benefit of the certificate, as completely as if he had never defaulted in his dues.   We think defendant should not now be allowed to take advantage of the fact that deceased used intoxicating liquor prior to his taking out the certificate and afterward, since the jury, under the court's instructions, have found that such use did not permanently impair his health, or, if it did so impair his health, that defendant waived the stipulation in the certificate to that effect.

It is, however, a part of defendant's contention that there was no waiver.   It appears that after the clerk of the lodge received the back dues and assessments, as before stated, he referred the matter to the lodge, and the latter, by a two thirds vote (though taken after the death of deceased), approved of the action of the clerk.   The court properly instructed the jury that such facts constituted a waiver.   It is provided in defendant's by-laws that if all arrearages are paid within three months from the date of suspension, the member, if in his usual health, shall be restored or reinstated.   That if the clerk of the lodge has reason to believe that the health of the member is impaired, he shall submit the matter to the "camp," who shall investigate and decide the matter by a two thirds vote.   The by-law proceeds to further provide a

severe penalty against the clerk who shall receive arrearages from a delinquent member and reinstate such member, whose health is, at the time, impaired, or who is known by him to use intoxicants. The penalty against the clerk is expulsion and disability to again enter the fraternity. The by-law further provides that should the clerk do as aforesaid, and the camp fail to expel the clerk and the unworthy member, "the executive council may suspend the camp until it shall perform its duty." We regard this by-law as a recognition of the authority of the clerk to receive arrearages from delinquent members and reinstate them, and that the penalty for so doing is placed on the clerk and local camp which may so offend the by-law.

The result of our views on this branch of the case is this: That if the clerk of the local camp, with knowledge of the condition of the delinquent and suspended member, receives his dues and reinstates him in the fraternity, it is, in the absence of fraud or collusion, binding on the order; and that such order can not after such action, if it turns out that the delinquent afterward dies of the sickness with which he was known to be afflicted when reinstated, repudiate the action of its constituted agent. The matter of accepting arrearages and reinstating members was intrusted to the clerk, and his action on such matter, when taken in good faith, binds his principal, as in other cases of principal and agent. See authorities in brief of counsel.

It is suggested that the reinstatement was made on Sunday and was therefore not binding. We think otherwise. We have held that a promissory note executed on Sunday was not void. *Glover v. Cheatham*, 19 Mo. App. 656. And so of a deed of trust. *Roberts v. Barnes*, 127 Mo. 465.

Other suggestions are made against the judgment

of the trial court, but we do not deem them as affecting the merits of the cause and we affirm the judgment.   All concur.