JACOB A. GANOW ET AL. V. WILLIAM A. DENNY.

FILED APRIL 30, 1903. No. 12,515.

1. **Injunction:** TRESPASS. Ordinarily, an action in equity will not lie to restrain a solvent party from trespassing upon personal property, or from the mere oral assertion of title thereto.

2. **Judgment:** FINDING. A finding by a trial court "that there are no equities with the defendants and that all the equities are with the plaintiffs," is not a finding of fact, but a conclusion of law, and standing alone it is insufficient to support a judgment.

ERROR to the district court for Cherry county: WILLIAM
H. WESTOVER, DISTRICT JUDGE. *Reversed.*

*Michael F. Harrington, F. M. Walcott* and *Henry H.
Wilson,* for plaintiffs in error.

*Allen G. Fisher, contra.*

AMES, C.

The record in this case is unaccompanied with a bill of
exceptions. The petition alleges that the plaintiff below,
William A. Denny, is the owner of a certain fence ex-
tending along described lands, but not constituting an
enclosure, and that the defendants have "trumped up a
sort of claim thereto, for the purpose of clouding the title
of this plaintiff thereto, and of preventing his use, owner-
ship and disposal thereof," and "have taken portions of
said fence and changed it from said line," and erected it
around premises in their exclusive possession, and that
such conduct "has the operation and effect of interfering
with, and preventing to plaintiff of the full enjoyment by
this plaintiff thereto." The answer is a general denial,
qualified by an assertion of title and right of possession of
the fence in the defendants. The petition prays for a
decree establishing the title and right of possession of the
fence in the plaintiff and perpetually restraining the de-
fendants and every of them from meddling or interfering
with the plaintiff's peaceful use and enjoyment thereof.

There was a trial to the court without a jury, and the
court found "that the plaintiff is and was at all the dates
mentioned in the pleading the owner of the fence de-
scribed in the plaintiff's petition, and situated entirely on
government land, * * * and the court finds further
that there are no equities with the defendants and that
all the equities are with the plaintiffs," and thereupon
rendered a decree in conformity with the prayer of the
petition.

The defendants prosecute a petition in error, alleging, in substance, that the judgment is unwarranted by the petition and the findings of fact.

There is but one finding of fact in the record, namely, that the plaintiff is and has been the owner of the fence in question, situated on government land. The finding that the equities are with the plaintiff and not with the defendants, is purely a conclusion of law, and standing alone would not support a judgment. It is, in effect, no more than saying the court finds that the plaintiff is entitled to recover. It is not equivalent to a finding that the defendants "have trumped up some sort of a claim," whatever that may mean, or that they have interfered with his possession or attempted so to do, or that they have taken or removed any part of the fence. The fence being admittedly an unauthorized erection on government land, belongs either to the United States as a permanent fixture to the soil, in which view the plaintiff has no right to maintain it, or else it is to be regarded as a detached movable chattel, precisely like fencing material lying on the surface of the ground. In the latter view, which seems to be that taken by counsel for both parties, there appears no ground for the interposition of the equity powers of the court. There is no finding that the defendants are insolvent, nor does it appear from the record that they have actually interfered with the plaintiff's property, or done anything more to his disadvantage than merely to assert their ownership of it. Counsel cite us to one authority holding that when one person has an apparent lien by public record, as for instance, a mortgage, upon the chattels of another, which interferes with or prevents the enjoyment or disposition of the same, but which is in fact invalid, equity will intervene to remove the cloud. *Sherman v. Fitch,* 98 Mass. 59. We think this decision is exceptional, but we are not called upon to express an opinion as to whether it is sound. It manifestly has no application to a case in which the party sought to be enjoined pretends to have no public documentary evidence

in support of his mere oral assertion 'of title or interest, and is charged with nothing beyond a single act of trespass and conversion of personal property. Counsel also cites Jones, Chattel Mortgages, sec. 348; *Voss v. Murray,* 50 Ohio St. 19; *Becker v. Anderson,* 6 Neb. 499, and *Hagan v. Walker,* 14 How. (U. S.) 28, but these, being actions by creditors to remove fraudulent conveyances and incumbrances by their debtors, do not involve the principle contended for in the case at bar. So far as appears from the record, the plaintiff, if his rights have been invaded, which the court does not find to have been done, has a plain, adequate and speedy remedy by the ordinary course of the common law.

It is recommended that the judgment of the district court be reversed, and the case remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed, and the case remanded for further proceedings.

REVERSED AND REMANDED.